[Civ. No. 12515. First Dist., Div. Two. Dec. 2, 1943.]

RAYMOND C. WESTPHAL et al., Appellants, v. THEODORE WESTPHAL et al., Respondents.

Frank D. Parker, James H. Boyer and Treadwell & Laughlin for Appellants.

Donahue, Richards & Hamlin for Respondents.

DOOLING, J. pro tem.—This is an appeal by plaintiffs Raymond C. Westphal and Adele B. Westphal from a judgment dismissing the action as to them. The action was commenced by the filing of a complaint on August 31, 1937. Joined with the appellants as plaintiffs were ten other persons. On December 21, 1937, a demurrer was sustained as to the ten other plaintiffs and overruled as to the two plaintiffs who are appellants herein. On January 17, 1938, the ten other plaintiffs having failed to amend within the time allowed them therefore, judgment was entered against them. From this judgment said plaintiffs took an appeal which was not finally determined until the filing of a remittitur from the Supreme Court on June 27, 1942. Pending the appeal of the other plaintiffs from the adverse judgment against them the two plaintiffs, appellants herein, on January 15, 1938, entered into a written stipulation with defendants by the terms of which defendants' time to answer their complaint was extended "to and including ten days after written notice from plaintiffs' undersigned counsel to defendants' undersigned counsel to answer."

No such written notice was ever given but after the filing of the remittitur affirming the judgment against the ten other plaintiffs, and on February 11, 1943, defendants served on the two appellants herein and filed a notice of motion for an order dismissing the action. This motion was granted on March 18, 1943. It is from the order granting this motion that the present appeal is prosecuted.

The action was one to impress a trust upon property distributed to defendants in the estate of John C. Westphal, deceased. The nature of the action is quite fully set forth in the opinion of the Supreme Court in disposing of the appeal of the ten other plaintiffs (*Westphal* v. *Westphal*, 20 Cal.2d 393 [126 P.2d 105]) and need not be again elaborated here, although it should be added that before the dismissal of the action as to them the appellants herein moved the court for leave to file an amended complaint designed to cure the insufficiencies of the complaint pointed out in *Westphal* v. *Westphal, supra*. The motion to dismiss was stated to be on the ground "that more than five years have elapsed since the action was commenced, and that said action has not been brought to trial and the parties have not stipulated in writing or otherwise that the time may be extended."

The principal question presented on this appeal is whether in the application of the second sentence of section 583, Code of Civil Procedure, to this case the time during which the appeal of the other ten plaintiffs was pending should be included or excluded in determining whether the case had been brought to trial within five years after the plaintiffs had filed their action. This provision of the Code of Civil Procedure provides that: "Any action . . . shall be dismissed . . . unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have stipulated in writing that the time may be extended."

█ The stipulation extending defendants' time to answer was not a stipulation that the time of trial might be extended within the meaning of this code provision. (*Elmhurst Packers* v. *Superior Court*, 46 Cal.App.2d 648 [116 P.2d 487].) From the time of the filing of the complaint on August 31, 1937, to the time the order dismissing the action was made on March 18, 1943, over five years elapsed, but during this period the other ten plaintiffs had an appeal from the judgment entered against them pending from March 8, 1938, until June 27, 1942. If this period is to be excluded in calculating the time within which the case must be brought to trial, the remaining time from the filing of the complaint to the dismissal of the action was less than one and one-half years.

█ It is settled that the time during which it is impossible to bring a case to trial because of the pendency of an appeal should be excluded in determining whether a case has been brought to trial within five years of the filing of the complaint. (*Kinard* v. *Jordan*, 175 Cal. 13 [164 P. 894]; *Christin* v. *Superior Court*, 9 Cal.2d 526 [71 P.2d 205, 112 A.L.R. 1153].) The basic dispute between the parties on this appeal is whether the pendency of the appeal of the other plaintiffs made it impossible (*Kinard* v. *Jordan, supra*) or "for all practical purposes" impossible (*Christin* v. *Superior Court, supra*, p. 533) for appellants herein to proceed to trial while that appeal was pending.

Respondents, while admitting that they can find no case in point, argue that appellants could have moved the court to grant them a separate trial from the other plaintiffs and that the court in the exercise of its discretion might have granted such motion and allowed these plaintiffs to proceed

548

to trial while the appeal of their co-plaintiffs was pending. It is significant that respondents have failed to cite a single case in which there has been a severance of plaintiffs for the purpose of trial. Such independent investigation as we have made leads us to the conclusion that severance of plaintiffs for trial, as distinguished from severance of defendants, is almost, if not quite, unknown to our system of jurisprudence. (See for example 64 C.J. p. 37, sec. 8; 30 C.J.S., p. 882, sec. 486; 26 R.C.L. p. 1012, sec. 3, all of which treat of separate trials for defendants, but contain no mention of separate trials for plaintiffs.)

While not mentioned in the briefs, section 378, Code of Civil Procedure, as amended in 1927, after providing for a joinder of parties plaintiff ''who have an interest in the subject of the action or in whom any right to relief in respect to or arising out of the same transaction or series of transactions is alleged to exist, whether jointly, severally or in the alternative, where if such persons brought separate actions any question of law or fact would arise which are common to all the parties to the action,'' makes the further provision ''that if upon the application of any party it shall appear that such joinder may embarrass or delay the trial of the action, the court may order separate trials.''

 The effect of this amendment was to permit the joinder of plaintiffs in cases where the causes of action were otherwise completely severable so long as the named conditions are present. (*Peters* v. *Bigelow,* 137 Cal.App. 135, 140 [30 P.2d 450] ; *Colla* v. *Carmichael's U-Drive Autos, Inc.,* 111 Cal.App.Supp. 784, 786-7 [294 P. 378] ; 47 C.J. 59.) The provision for separate trials is expressly limited to cases where ''it shall appear that such joinder (i. e. the joinder provided for in the section itself) may embarrass or delay the trial of the action.'' It would seem to follow that the provision of section 378, Code of Civil Procedure, for separate trials for several plaintiffs is applicable only to the cases of joinder provided for in section 378, and where but for those provisions the plaintiffs would not have been permitted to join in one action. The reason for this provision for severance of plaintiffs for the purpose of trial in the cases of joinder of plaintiffs for the first time permitted by the amendment of section 378, seems obvious: the trial of several causes of action ''arising out of the same transaction or series of

transactions'' and presenting a common ''question of law or fact'' might in many cases present a multitude of questions of law and fact germane or relevant to one plaintiff's cause and not to any other. This being so the provision for the discretionary power to grant separate trials as to the several plaintiffs whose diverse causes of action might be so joined was a reasonable safeguard.

Apart from this provision in section 378, Code of Civil Procedure, there is no express statutory provision authorizing our courts to grant separate trials among plaintiffs. On the other hand section 579 Code of Civil Procedure, enacted in 1872, has been construed as a statutory authorization for the granting of separate trials as to several defendants. (*Bell* v. *Adams,* 150 Cal. 772 [90 P. 118]; *Bell* v. *Staacke,* 159 Cal. 193 [115 P. 221].) The failure of the Legislature to make any similar general provision for separate trials as to plaintiffs is persuasive that no such general power was intended to be granted to our courts. (23 Cal.Jur. p. 740, sec. 118.)

The several plaintiffs were necessary parties to the action under the settled equity practice requiring all of the *cestuis que trustent* to be joined as parties in an action against the trustee to establish the existence of the trust. (*McBrown* v. *Dalton,* 70 Cal. 89 [11 P. 583]; *O'Connor* v. *Irvine,* 74 Cal. 435 [16 P. 236]; *Mitau* v. *Roddan,* 149 Cal. 1 [84 P. 145, 6 L.R.A.N.S. 275]; Perry on Trusts, 7th ed., vol. II, secs. 881, 882, p. 1501 et seq.) So long as their appeal was pending the other ten plaintiffs remained parties to the action and in case of a reversal of the judgment entered against them would have been entitled to proceed to trial, with their co-plaintiffs, appellants herein. While necessary, they were not indispensable parties. (*London etc. Bank* v. *Smith,* 101 Cal. 415 [35 P. 1027]; *Bank of California* v. *Superior Court,* 16 Cal.2d 516 [106 P.2d 879].) In other words they were required to be joined as parties unless it was shown ''either that the court must wholly deny the plaintiff the equitable relief to which he may be entitled, or that the relief must be granted without making other persons parties.'' (Story's Equity Pleadings, 10th ed., sec. 96, pp. 100, 101. *Cf.* 30 C.J.S. p. 585, sec. 147.) With necessary parties plaintiff before the court whose rights against the defendants had not been finally determined, we have been furnished no author-

ity and have found none, which would authorize the court to order the trial to proceed separately as to the plaintiffs whose appeal is here presented.

■ Without expressly deciding that it was entirely beyond the power of the trial court to grant separate trials to the appellants herein while their co-plaintiffs' appeal was pending, that power was at least extremely doubtful and under the circumstances we are satisfied that it would have been practically futile for these plaintiffs to move the court for a separate trial. We conclude that, if not legally impossible, "for all practical purposes, going to trial would be impossible" (*Christin* v. *Superior Court, supra,* 9 Cal.2d at p. 533 [71 P.2d 205, 112 A.L.R. 1153]) for these appealing plaintiffs during the pendency of their co-plaintiffs' appeal, and that the trial court erred in including the time consumed by that appeal in calculating the time during which the action might have been brought to trial after it was filed.

Respondents' further argument that the dismissal may be affirmed as an exercise of the trial court's discretionary power to dismiss for lack of diligence in the prosecution of their case is open to at least two answers.

■ 1. The ground of the motion as stated in the notice of motion, quoted above, was "that more than five years have elapsed since the action was commenced" etc. This clearly placed the motion on that ground alone, and not on the ground of want of diligence short of five years in the prosecution of the action. The appeal was to the mandatory, and not to the discretionary, power of the court under section 583 Code of Civil Procedure. Respondents having taken one position in the trial court, cannot adopt another on appeal and thus deprive appellants of their day in court on the new issue attempted to be raised. ■ The grounds of the motion must be stated in the notice (sec. 1010, Code Civ. Proc.) and the court can only consider the grounds so stated (*Doehla* v. *Phillips,* 151 Cal. 488, 496 [91 P. 330]; *W. H. Marston Co.* v. *Kochritz,* 80 Cal.App. 352, 359 [251 P. 959]; *O'Malley* v. *Carrick,* 60 Cal.App. 48 [212 P. 45]). The propriety of this rule is well exemplified in this case, for many facts might be urged to excuse a delay of less than five years in the prosecution of an action which would not be open to a plaintiff who had delayed for over five years. (9 Cal.Jur. 537, 540, 542.)

2. Since the amendment of section 583 Code of Civil Procedure to give discretionary power to the trial court to dismiss for want of prosecution "whenever plaintiff has failed for two years after action is filed to bring such action to trial" instead of "for two years after answer filed" as theretofore, the court has no power to dismiss for any delay of less than two years "after action is filed," since the effect of that amendment was to suspend the power of the court to dismiss for want of prosecution short of the two-year period after the filing of the action. (*Hibernia Sav. & Loan Soc.* v. *Lauffer*, 41 Cal.App.2d 725, 729 [107 P.2d 494]; *Romero* v. *Snyder*, 167 Cal. 216, 219-220 [138 P. 1002].) Excluding the time during which the appeal of their co-plaintiffs was pending less than two years elapsed between the filing of the action and its dismissal.

The judgment appealed from is reversed.

Nourse, P. J., and Spence, J., concurred.

A petition for a rehearing was denied December 31, 1943, and respondents' petition for a hearing by the Supreme Court was denied January 27, 1944.