[S. F. No. 17225. In Bank. Apr. 23, 1946.]

PACIFIC GREYHOUND LINES (a Corporation) et al., Petitioners, v. THE SUPERIOR COURT OF THE CITY AND · COUNTY OF SAN FRANCISCO, Respondent.

Cooley, Crowley & Supple for Petitioners.

A. Brooks Berlin and Alvin A. Lobree for Real Parties in Interest.

A. V. Falcone as Amicus Curiae on behalf of Respondent.

SCHAUER, J.—Petitioners, who are defendants in an action for personal injuries and property damage resulting from an automobile collision on June 18, 1939, moved in the superior court for dismissal of the action on the ground that it had not been brought to trial within five years after filing of the complaint. (Code Civ. Proc., § 583.) Such motion was resisted, and the trial court denied it, presumptively upon the ground that one of the defendants was in the military service at all times subsequent to the first fifteen months after the complaint was filed and that it had been and was impossible or impracticable to try the case during the military service of such defendant. Petitioners, hereinafter referred to as defendants, now seek mandate to compel, in effect, reversal of the order denying dismissal. We have concluded that upon the record before us the writ must be denied.

Section 583 of the Code of Civil Procedure, so far as material here, provides that "Any action . . . shall be dismissed by the court in which the same shall have been commenced . . . after due notice to plaintiff or by the court upon its own motion, unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have stipulated in writing that the time may be extended. . . ." There is no question but that such section is mandatory when it is applicable. (*Andersen* v. *Superior Court* (1921), 187 Cal. 95, 97 [200 P. 963].) Likewise

there is no question but that, in computing the five-year period, time during which "for all practical purposes, going to trial would be impossible, whether this was because of total lack of jurisdiction in the strict sense, or because proceeding to trial would be both impracticable and futile," is to be excluded. (*Christin* v. *Superior Court* (1937), 9 Cal.2d 526, 533 [71 P.2d 205, 112 A.L.R. 1153].)

As stated in the last cited case (p. 532), "The purpose of the statute is plain: to prevent *avoidable* delay for too long a period. It is not designed arbitrarily to close the proceeding at all events in five years, for it permits the parties to extend the period without limitation, by written stipulation. And, as we have already pointed out, despite the mandatory language implied exceptions are recognized. Are these exceptions based upon the technical concept of *jurisdiction*, and applicable only where the court is completely lacking in the legal power to proceed, or do they arise from the fact that the party is unable, from causes beyond his control, to bring the case to trial? The carefully reasoned opinion in *Estate of Morrison* . . . [125 Cal.App. 504 (14 P.2d 102), wherein contestants of a will were induced by fraud to consent to a dismissal of their contest, later had the dismissal vacated, and the court held that the time between the dismissal and the reinstatement of the action was to be excluded in computing the five-year period] is illuminating here. The court declared that the case of *Kinard* v. *Jordan* . . . [175 Cal. 13 (164 P. 894)], had established the precedent of disregarding the time during which the jurisdiction of the trial court was suspended, thereby setting reality above artificiality. . . .

"[P. 533] The theory of this decision seems to us to be equally applicable to a situation where, for all practical purposes, going to trial would be impossible, whether this was because of total lack of jurisdiction in the strict sense, or because proceeding to trial would be both impracticable and futile. In this connection, a useful analogy may be drawn from the rules on impossibility as a defense in the enforcement of contract obligations. Modern cases recognize as a defense not only objective impossibility in the true sense, but also impracticability due to excessive and unreasonable difficulty or expense." Again in *Judson* v. *Superior Court* (1942), 21 Cal.2d 11, 14 [129 P.2d 361], the rule was stated, "The courts have recognized that the statute relating to dismissals although mandatory in form, should not be applied where, although the defendant was not guilty of acts tending to obstruct the

administration of justice, it would have been *impracticable* for the plaintiff to have brought the action to trial." (Italics added.) See, also, *Westphal* v. *Westphal* (1943), 61 Cal.App. 2d 544, 550 [143 P.2d 405], wherein it was held that it would have been "practically futile" and "for all practical purposes . . . impossible" for certain plaintiffs to go to trial while their coplaintiffs' appeal was pending.

The superior court action with which we are concerned was filed January 29, 1940; the motion to dismiss was made on February 21, 1945, twenty-three days after the completion of the calendar five-year period; this petition for writ of mandate was filed March 27, 1945, fifty-seven days after completion of the calendar five-year period. The sole question necessary for us to determine is whether petitioners have established that the evidence before the trial court on the motion to dismiss was as a matter of law insufficient to sustain its implied finding that for more than twenty-three days of the calendar five-year period it was "impossible," or "impracticable and futile" either in an objective sense or "due to excessive and unreasonable difficulty or expense," to proceed to trial.

The motion for dismissal made in the trial court was determined upon an affidavit filed by one of the attorneys for defendants therein (petitioners herein), a counteraffidavit made by the attorney for plaintiffs, and, of course, the files, papers, proceedings and records of the case in the court. The allegations of the affidavit in behalf of the motion were that the complaint was filed January 29, 1940; that more than five years had elapsed; that the action had not been tried or brought to trial within the five-year period; that "there was and is no stipulation in writing that the time may be extended beyond the period of five years"; and that "said action has not been tried by reason of . . . the laches, neglect and delay of the plaintiffs." The counteraffidavit in opposition to the motion states "that on or about the 20th of December, 1940, plaintiffs filed a memorandum to set said cause for trial, and thereafter defendants made a demand for jury trial and the matter was thereafter put on the regular jury calendar; that the trial of the above action was set for hearing for March 3, 1941, but due to defendants' failure to deposit jury fees was forced to go off calendar;

"Subsequent thereto, and on or about April 9, 1941, defendants' attorney . . . informed plaintiffs' counsel, affiant herein that the co-defendant Earl Bagby, Jr. had enlisted in

the Armed Services in March of 1941, and [such attorney] ... further stated that the matter would have to remain off calendar; it was thereupon orally stipulated between counsel for plaintiffs and defendants that said matter would remain off calendar pending the return of Earl Bagby, Jr. to civilian status.

"That from time to time affiant made inquiry as to Earl Bagby, Jr.'s status, and was informed on several occasions by defendants' attorney that said defendant was still in the Service; that affiant is informed and believes that the said Earl Bagby, Jr. is still serving in the Armed Forces of the United States as of this date; *that to continue to prosecute the case during the military absence of said defendant Earl Bagby, Jr. was impossible, impractical and a futile gesture; that the presence of Earl Bagby, Jr. is necessary to properly prosecute this action.*" (Italics added.)

In support of their allegation that it was "impossible, impractical and a futile gesture" to bring the case to trial while defendant Earl Bagby, Jr. (sometimes hereinafter referred to as the defendant Bagby) was serving in the armed forces plaintiffs rely upon section 521 of the Soldiers' and Sailors' Civil Relief Act (50 U.S.C.A., App.), to the effect that "At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and *shall, on application to it by such person or some person on his behalf, be stayed* as provided in this Act, *unless, in the opinion of the court,* the ability of plaintiff to prosecute the action or the defendant to conduct his defense is *not materially affected* by reason of his military service." (Italics added.) The petition for the writ alleges that "none of the defendants have . . . *filed* any proceedings for the stay of any trial of the . . . action under the Soldiers' and Sailors' Relief Act" (italics added) but defendants do not deny the allegations of the plaintiffs' counteraffidavit relative to the representations which were made by them (through their counsel) concerning the military status of defendant Earl Bagby, Jr. or the asserted statement "that the matter would have to remain off calendar" because of Bagby's status. Likewise, it is not denied that because of Bagby's status and the provisions of the Soldiers' and Sailors' Civil Relief Act "it was thereupon orally stipulated between counsel for plaintiffs and defendants that said matter would

remain off calendar pending the return of Earl Bagby, Jr. to civilian status." Furthermore, there is no denial of the direct averment "that to continue to prosecute the case during the military absence of said defendant Earl Bagby, Jr. was impossible, impractical and a futile gesture; that the presence of Earl Bagby, Jr. is necessary to properly prosecute this action."

Certainly the oral stipulation "that said matter would remain off calendar pending the return of Earl Bagby, Jr. to civilian status" is not, as such, competent to defeat the dismissal (*Miller & Lux Inc.* v. *Superior Court* (1923), 192 Cal. 333, 338 [219 P. 1006]; *Smith* v. *Bear Valley etc. Co.* (1945), 26 Cal.2d 590, 599-600 [160 P.2d 1]), but the fact of the making of such oral stipulation was material evidence upon the issue as to whether it "was impossible, impractical and a futile gesture" to bring the action to trial during the defendant Bagby's military absence and, also, on the precise issue as to whether "the presence of Earl Bagby, Jr. is necessary to properly prosecute this action." The reasonable inferences to be drawn from the making of such stipulation, in the light of the other evidence, were for the trial court to determine.

The Soldiers' and Sailors' Civil Relief Act, *supra,* leaves discretion in the trial court in resolving the issue as to whether "the ability of plaintiff to prosecute the action or the defendant to conduct his defense is . . . materially affected by reason of his military service" but it, in effect, places the burden of proof upon the party resisting a postponement and "*unless,* in the opinion of the court, the ability of . . . [the party to prosecute or defend] is *not* materially affected" a postponement of the trial by the court is mandatory "on application to it by such person or some person on his behalf." (The section provides that on such application, *unless* the court is of the view stated, the action or proceeding "*shall* . . . be stayed as provided in this Act.") Here no application for a stay was actually made to the court but the failure to apply for a stay did not preclude the court, upon the motion to dismiss, from determining whether, under all the facts and circumstances, a stay would have been mandatory if it had been applied for. The real issue before it was the question as to whether it was "impractical and futile" to proceed with the case during the military service of the defendant Bagby, Jr. It is a fair inference from all the facts shown that the parties, through their counsel, agreed in recognizing that a

stay would be mandatory if the application were made, that the presence of defendant Earl Bagby, Jr. was necessary, and that it "was impossible, impractical and a futile gesture" to "continue to prosecute the case during the military absence of said defendant." The trial court in denying the motion to dismiss, having before it the affidavits mentioned and the files of the case, including the complaint and the answers of the defendants, must be presumed *not* to have been of the opinion that the ability of the defendant Earl Bagby, Jr. to conduct his defense was "not materially affected by reason of his military service" and must further be presumed to have concluded, in accordance with the averments of the affidavit on behalf of plaintiffs, that "the presence of Earl Bagby, Jr. was necessary" and that it "was impossible, impractical and a futile gesture" to "continue to prosecute the case during the military absence of said defendant."

It appears from the petition for the writ that the defendant Earl Bagby, Jr. filed an answer separate from that filed by the defendants Earl Bagby, Sr. and Pacific Greyhound Lines. Whether, in the light of the issues raised by such pleadings, in the further light of the representation made by defendants' counsel "that the matter would have to remain off calendar," and the other evidence before the trial court, it was "impracticable and futile" (*Christin* v. *Superior Court* (1937), *supra,* 9 Cal.2d 526, 533) to bring the case on for trial during the military service of defendant Bagby, Jr., was a question of fact which the trial court resolved in favor of plaintiffs. As declared for this court by Mr. Justice Shenk in *Charles L. Donohoe Co.* v. *Superior Court* (1927), 202 Cal. 15, 18 [258 P. 1094], "It is only when there is an entire absence of any showing constituting good cause presented in the Superior Court upon the hearing of the motion to dismiss that a writ of mandate to compel the dismissal of the action may properly issue." Here we cannot say, contrary to the trial court, that there was "an entire absence of any showing constituting good ground." Particularly is this true in view of the fact that the files, papers, proceedings and records of the trial court, other than the affidavits hereinabove summarized, are not before us.

The alternative writ is discharged and the application for peremptory writ denied.

Gibson, C. J., Shenk, J., Carter, J., Traynor, J., and Spence, J., concurred. Edmonds, J., concurred in the judgment.