[Civ. No. 15393. First Dist., Div. Two. Aug. 25, 1952.]

JULIUS NEUSTADT, Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent.

Joseph A. Brown for Petitioner.

Marcel E. Cerf, Robinson & Leland for Respondent.

NOURSE, P. J.—Petitioner seeks a writ of mandate ordering the dismissal of an action in conversion commenced on August 11, 1944. He relies on section 583, Code of Civil Procedure. Respondent defends on the ground that other litigation relating to some phases of the conversion action excuses his delay.

No service of process having been made the defendant Neustadt, on July 19, 1946 (almost two years after complaint filed) moved to dismiss on that ground. This motion was denied on April 14, 1947 (almost a year after motion made). An amended complaint was filed on December 22, 1949, and another on June 12, 1951. Demurrers were overruled and motions to strike were denied. The last order, made on February 11, 1952, is the basis of this application.

As excuse for these delays the respondent (we refer herein to the real party in interest, the defendant Skernswell, as respondent) relies on these facts. An action to establish

a trust and to partition the trust property (which apparently consists of both real and personal property) and to appoint a receiver thereof was brought by Neustadt against Skernswell. The time when this action was filed does not appear though it appears from the decision on appeal from an adverse judgment by Skernswell, defendant therein, that judgment was entered therein on July 18, 1941. It was during the appeal from this judgment that the alleged acts of conversion (of the same personalty as in the partition suit) took place, and it was then that this action was filed; that is, between the time of judgment and remittitur. It is said that the action was then filed in order to prevent the running of the statute of limitations, although the foundation of the conversion action rested in the outcome of the partition suit. It is not entirely clear from the affidavits that, strictly speaking, the right of Skernswell in an action for conversion depends wholly on the judgment in the partition suit, but that much is at least implied. The appellate court in reversing the original action directed that plaintiff Neustadt be allowed to amend his complaint (*Neusted* v. *Skernswell*, 69 Cal.App. 2d 361, 371 [159 P.2d 49]) and as a result the outcome of the partition action was further delayed. Because of the delay it is claimed that any attempt to bring this action to trial would have been futile, since at any time, until the partition suit was finally determined, Neustadt could have entered a plea in abatement, thereby nullifying the conversion action. In August, 1949, a motion in the partition suit was made by Skernswell to have that action dismissed. This was based on that part of section 583 that requires an action to be dismissed when, after three years following filing of remittitur in the trial court, a cause remanded for a new trial is not again brought to trial. This motion was granted, but an appeal was then taken by Neustadt from the dismissal (thereby continuing the entire process) and was affirmed in August, 1950 (hearing denied October 26, 1950). (*Neustadt* v. *Skernswell*, 99 Cal.App.2d 293 [221 P.2d 694].) It is also stated in the affidavits that there were extensions of time obtained by Neustadt, plaintiff, in the partition suit which added to the delay. A prima facie case is thus made out by the petition (almost eight years have passed since the filing of the complaint in this, the conversion, suit); an excuse is alleged by respondent, relying on the proposition that section 583 is not completely mandatory and a delay may be excused under certain circumstances not stated in

the code section. (*Christin* v. *Superior Court,* 9 Cal.2d 526 [71 P.2d 205, 112 A.L.R. 1153]; *Pacific Greyhound Lines* v. *Superior Court,* 28 Cal.2d 61 [168 P.2d 665]; *Bank of America* v. *Superior Court,* 84 Cal.App.2d 34 [189 P.2d 799]; *Judson* v. *Superior Court,* 21 Cal.2d 11 [129 P.2d 361]; *Westphal* v. *Westphal,* 61 Cal.App.2d 544 [143 P.2d 405]; *City of Pasadena* v. *City of Alhambra,* 33 Cal.2d 908 [207 P.2d 17].) The argument for excuse is simply that this action was at all times, prior to the final determination of the partition suit, subject to plea in abatement.

It is true that the later cases have read an implied exception into section 583 which is this, ". . . there is no question but that, in computing the five-year period, time during which 'for all practical purposes, going to trial would be impossible, whether this was because of total lack of jurisdiction in the strict sense, or because proceeding to trial would be both impracticable and futile,' is to be excluded. . . ." (*Pacific Greyhound Lines* v. *Superior Court, supra,* 28 Cal.2d 61, 64; *Christin* v. *Superior Court, supra,* 9 Cal.2d 526.) The extent of this exception is left undefined, and a review of the cases shows merely that it is utilized in more or less justifiable situations. Thus, the problem seems to be to determine whether the facts in any particular case fit the statement of the exception in the light of the facts to which that statement is applied, which, though it .may be a truism, establishes reason for granting an alternative writ. This is especially so in the face of *Rauer's Law etc. Co.* v. *Higgins,* 76 Cal. App.2d 854 [174 P.2d 450], where it was held proper for the trial court to refuse to dismiss an action after five years where the defendant could have, though he had not, applied for a stay of the action under the Soldier's and Sailor's Civil Relief Act. (See *Pacific Greyhound Lines* v. *Superior Court, supra,* 28 Cal.2d 61.) This, it would seem, would give some degree of efficacy to respondent's argument, for, assuming that his premise that a plea in abatement would have been upheld is correct, it would seem futile to serve the complaint and attempt to force an issue, and the fact that in fact no such plea was made would fall into the frame of decision in the Rauer's Law and Greyhound cases above.

In the late case of *Rose* v. *Knapp,* 38 Cal.2d 114 [237 P.2d 981], it was held that where a plaintiff is faced with a judgment against her and that judgment cancels a deed on which she must rely in the delayed action the time between the judgment so cancelling and the remittitur reversing must

be excluded. There are no generalizations in that case, but the extent of the decision is not clear, and whether it can be extended to this type of case is doubtful. Also, it has been held that the question of whether or not there has been an ample opportunity to bring the case to trial is a question of fact to be determined by the trial judge, and if there is any substantial evidence to support his decision it will be upheld. (*Ojeda* v. *Municipal Court,* 73 Cal.App.2d 226 [166 P.2d 49].)

In essence the cited cases have accepted excuses for minor delays when the equities of the particular case appear to justify it. From the final disposition of the appeal in the main action of *Neusted* v. *Skernswell* more than six years had elapsed. From the commencement of the second action nearly seven years had elapsed at the time of the denial of the motion to dismiss. Some delays may have been excusable while that appeal was pending. However this court is bound by the decisions of the Supreme Court and, for that reason, we must hold that, when the trial court denied the motion to dismiss, it accepted respondent's excuses as being equitable. Having the discretion to do so under the authorities cited above the judgment cannot be disturbed in this proceeding.

The petition for a writ of mandate is denied and the alternative writ is discharged.

Goodell, J., and Dooling, J., concurred.

A petition for a rehearing was denied September 24, 1952, and petitioner's application for a hearing by the Supreme Court was denied October 23, 1952.