[L. A. No. 28758. In Bank. Aug. 4, 1966.]

GENERAL MOTORS CORPORATION, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; WILLIAM MARASKA et al., Real Parties in Interest.

Spray, Gould & Bowers, Philip L. Bradish and John J. Costanzo for Petitioner.

No appearance for Respondent.

Harney, Ford & Schlottman and Robert E. Ford for Real Parties in Interest.

MOSK, J.—Petitioner (hereinafter defendant) seeks a writ of prohibition to restrain the superior court from proceeding to try a personal injury action. The issue before us is whether Code of Civil Procedure section 583, which prescribes the time within which the trial of an action must be commenced, effectively precluded the real parties in interest (hereinafter plaintiffs) from consolidating for trial a personal injury action and a wrongful death action arising out of the same accident and involving substantially the same facts. We conclude that defendant's motion to dismiss the personal injury action was properly denied by the trial court and that the writ of prohibition should be refused.

On June 15, 1960, plaintiffs William Maraska and his wife Bernice filed a complaint seeking damages for personal injuries sustained in an automobile accident. Plaintiffs allege in the complaint that the accident was caused by the faulty design of their automobile, which had been manufactured by defendant. After this action was commenced, the parties engaged in normal pretrial activities, including the preparation of written interrogatories, the filing of an amended complaint, and the submission of various pretrial motions.

Bernice Maraska died on August 3, 1963, before the parties had completed their preparations for trial. On February 20, 1964, William Maraska and Martin Parsons, Bernice Maraska's son, filed a wrongful death action alleging that her death had resulted from injuries sustained in the accident. An attempt was then made to consolidate both of these actions with similar lawsuits brought against defendant by other plaintiffs, but that motion for consolidation was denied in July 1964. Plaintiffs' subsequent motion to consolidate the personal injury action with the wrongful death action was granted on December 16, 1964. Preparations for trial of the consolidated actions proceeded until defendant moved on September 20, 1965, to dismiss the personal injury action for want of prosecution.[1] This motion was denied, and defendant sought the writ which we now consider.

---

[1]During the period between the filing of the original complaint and Mrs. Maraska's death, the court ruled upon demurrers of defendants, an amended complaint was filed and answered, several sets of interrogatories were submitted by the parties, and other miscellaneous motions were considered. After her death, in addition to the filing of the action for wrongful death and the May and December motions for consolidation, the complaint was again amended and a new answer filed, the defendant automobile dealer was dismissed, and the parties submitted various interrogatories, depositions, and related motions. Also, defendant substituted attorneys during this period.

Defendant insists that the provisions of Code of Civil Procedure section 583 required the trial court to grant the motion for dismissal. This section provides that the trial court may in its discretion dismiss an action if it has not been brought to trial within two years after it has been filed; with certain exceptions, dismissal is mandatory if the trial has not commenced within five years after filing.[2]

The purposes served by this section are somewhat analogous to those underlying statutes of limitation. Both types of statutes promote the trial of cases before evidence is lost, destroyed, or the memory of witnesses becomes dimmed. The statutes also protect defendants from being subjected to the annoyance of an unmeritorious action remaining undecided for an indefinite period of time. However, section 583 would appear to involve policy considerations somewhat less crucial than those safeguarded by statutes of limitation. Once an action is filed and a defendant is served, he is then armed with notice of plaintiff's claim and may protect his interests by means which were generally unavailable to him before filing. For example, he may institute discovery processes in order to preserve evidence which might be destroyed, may locate material witnesses and take depositions if appropriate, and may move that a frivolous or sham action be dismissed.

In the context of the present case we first attempt to reconcile the provisions of section 583 with the concept that related disputes should be heard and decided in one proceeding whenever possible. (*Tomales Bay etc. Corp.* v. *Superior Court* (1950) 35 Cal.2d 389, 395 [217 P.2d 968].) Analysis suggests no inconsistency between this principle and the general policies promoted by section 583, for the consolidation of actions decreases the backlog of cases pending before trial courts and thus enables other litigants to bring their actions to trial with less delay. Consolidation also constitutes an important protection to defendants who might otherwise be subjected to a multiplicity of actions involving related issues.

---

[2]Code of Civil Procedure section 583 provides in relevant portion: "The court may in its discretion dismiss any action for want of prosecution on motion of the defendant and after due notice to the plaintiff, whenever plaintiff has failed for two years after action is filed to bring such action to trial, . . . Any action heretofore or hereafter commenced shall be dismissed by the court . . . on motion of the defendant, after due notice to plaintiff or by the court upon its own motion, unless such action is brought to trial within five years after the plaintiff has filed his action, . . ." The stated exceptions apply if the defendant has been absent from the state or concealed therein, or if the parties have filed a stipulation in writing that the time may be extended.

■ Code of Civil Procedure section 1048 provides, "An action may be severed and actions may be consolidated, in the discretion of the court, whenever it can be done without prejudice to a substantial right." Pursuant to this statute, actions may be consolidated for the purpose of trying related issues whether or not they could have been united for all other purposes (see *McClure* v. *Donovan* (1949) 33 Cal.2d 717, 721-722 [205 P.2d 17]), but the determination is within the discretion of the trial court since it is impossible to foresee all the possibilities of prejudice which might arise from such consolidation.

However, with respect to wrongful death actions, the Legislature has determined that the danger of prejudice is generally outweighed by the advantages of consolidation. Code of Civil Procedure section 377, the wrongful death statute, specifically provides that "If an action be brought pursuant to the provisions of this section and a separate action arising out of the same wrongful act or neglect be brought pursuant to the provisions of Section 573 of the Probate Code [dealing with the survivability of causes of action], such actions *shall* be consolidated for trial on the motion of any interested party." (Italics added.) ■ Plaintiffs' actions are governed by this provision since it appears that the complaints seek damages for the death of Bernice Maraska and for personal injuries sustained by her, both of which events were allegedly caused by the same negligence of defendant and arose out of the same accident. (Cf. *Herrero* v. *Atkinson* (1964) 227 Cal. App.2d 69, 76 [38 Cal.Rptr. 490].)

It is undisputed that at the time defendant moved for dismissal of the personal injury action the parties had not completed their preparations for the trial of the wrongful death action. Their unpreparedness was not due to lack of diligence; the cause of action for wrongful death did not accrue until August 1963, and defendant does not dispute that plaintiffs thereafter filed the action and carried out their discovery procedures with reasonable dispatch. Since at the time of hearing the motion for dismissal of the personal injury action the wrongful death action was not yet ready for trial, we must determine whether the language of Code of Civil Procedure section 583 required plaintiffs to waive their rights of consolidation and to litigate these related disputes in two separate trials.

Code of Civil Procedure section 583 contains no language specifically dealing with the consolidation of actions, nor does

it define the term "action" as used therein. Thus, it may be suggested that the consolidation results in the creation of a new unified action and that the five-year period prescribed in section 583 commences again on the date of consolidation. However, such an interpretation would be inconsistent with decisions holding that actions may be consolidated for the limited purpose of trying related issues together. (See *McClure* v. *Donovan* (1949) *supra*, 33 Cal.2d 717, 721-722.) Furthermore, section 583 provides that the period commences when the action "is filed," and no new pleadings need be filed at the time of consolidation.

Plaintiffs assert that the word "action" relates in all cases to the last filed of two or more actions which have been consolidated and, therefore, that the trial may be brought at any time within five years after the filing of the wrongful death action. However, this construction does not avoid the objection discussed above that consolidated actions do not necessarily become united for purposes other than the trial of related issues. Also, such an interpretation of the statute would make it possible for a plaintiff to intentionally delay the filing of two or more additional causes of action in order to extend the period in which a previously filed action must be brought to trial, and we cannot presume that the Legislature intended to condone such dilatory tactics.

■ For the purposes of Code of Civil Procedure section 583, actions by a plaintiff are treated as wholly separate from cross-actions brought by the defendant. (*Tomales Bay etc. Corp.* v. *Superior Court* (1950) *supra*, 35 Cal.2d 389, 393-395; see *Wutchumna Water Co.* v. *Stevenson* (1928) 204 Cal. 191, 192 [267 P. 537]; *Douglas* v. *Superior Court* (1949) 94 Cal.App.2d 395, 398 [210 P.2d 853].) Similarly, it would seem that in applying the provisions of Code of Civil Procedure section 583, individual actions brought by plaintiffs should be treated as distinct even though they have been consolidated, and the time for bringing each action to trial should be measured from the time that particular action was filed.

Plaintiffs' personal injury action was filed on June 15, 1960; therefore, the period for bringing that action to trial normally would have expired on June 15, 1965. It does not necessarily follow, however, that a trial of the consolidated actions should be restrained. Prior decisions have recognized certain implied exceptions to section 583, and it is necessary to examine the scope of these exceptions before determining

whether the trial court erred in refusing to dismiss the personal injury action.

Possibly the most obvious of the implied exceptions was recognized in *Kinard* v. *Jordan* (1917) 175 Cal. 13, 16 [164 P. 894]. In that case the trial court had dismissed the action for lack of prosecution even though an appeal from a judgment on the pleadings had been pending since shortly after defendants' answer had been filed.[3] This court pointed out that during the pendency of the appeal the trial court had no jurisdiction to proceed with a trial and held that the time which elapsed during the appeal should have been disregarded in considering the motion to dismiss.

This rule was extended in *Christin* v. *Superior Court* (1937) 9 Cal.2d 526 [71 P.2d 205, 112 A.L.R. 1153], in which the issue was whether the period for commencing the trial had been tolled while the plaintiffs appealed an order granting the defendants' motion for a change of venue. This court noted that the original trial court lost jurisdiction over the case when it ordered the change of venue, and, until the appeal of the venue matter was decided, proceeding to trial in the court to which the action had been transferred would involve the risk that the change of venue order might be reversed and the trial rendered nugatory. After citing *Kinard* v. *Jordan, supra,* the court stated (at p. 533), "The theory of this decision seems to us to be equally applicable to a situation where, for all practical purposes, going to trial would be impossible, whether this was because of total lack of jurisdiction in the strict sense, or because proceeding to trial would be both impracticable and futile. In this connection, a useful analogy may be drawn from the rules on impossibility as a defense in the enforcement of contract obligations. Modern cases recognize as a defense not only objective impossibility in the true sense, but also impracticability due to excessive and unreasonable difficulty or expense. [Citations.]"

The exception for impracticability and futility was again recognized in *Westphal* v. *Westphal* (1943) 61 Cal.App.2d 544, 550 [143 P.2d 405]. The trial court had sustained a demurrer against certain of the plaintiffs, who thereafter appealed. The defendants argued that the statutory period continued to run against the remaining plaintiffs as to whom no demurrer had been entered, and claimed that the latter plaintiffs could have preserved their rights by severing their

---

[3]At the time the case was decided, section 583 provided that the prescribed period commenced when the answer was filed.

causes of action from those of the plaintiffs prosecuting the appeal. The court did not determine whether such a procedure would have been proper, but indicated the practice was "almost unknown" and that it would have been futile for plaintiffs to move for a severance. Therefore, it was held that the statute was tolled and the order of dismissal was reversed.

Other decisions further developed the concepts of impracticability and futility by considering the pending action in the context of other related actions. For example, in *Rose* v. *Knapp* (1951) 38 Cal.2d 114 [237 P.2d 981], the plaintiff filed in July 1943 a quiet title action which was dismissed in February 1950. In the intervening years the defendant had obtained a separate judgment setting aside the sale on which plaintiff's claim of title was predicated. That judgment was eventually reversed, but remained outstanding for over two and one-half years. This court held that since it would have been futile for plaintiff to bring the quiet title action to trial until the competing judgment had been reversed, the statutory period established by Code of Civil Procedure section 583 was tolled during the time that defendant's judgment was outstanding. (See also *Neustadt* v. *Superior Court* (1952) 112 Cal.App.2d 825 [247 P.2d 569].)

*Bosworth* v. *Superior Court* (1956) 143 Cal.App.2d 775 [300 P.2d 155], involved a suit by the heirs of a decedent praying that the court set aside a transfer of property from the decedent to defendants, who were also the devisees and legatees named in the decedent's will. A contemporaneous suit challenged the validity of the will, which was ultimately denied admission to probate. In affirming the refusal of the trial court to dismiss the plaintiffs' action, the court held that it would have been impracticable for the heirs to bring their action to trial until the validity of the will had been decided.

Other diverse exceptions which have been made to Code of Civil Procedure section 583 suggest that the concepts of impracticability and futility resist comprehensive definition. The statutory period has been held to be tolled while one of the defendants was in military service (*Pacific Greyhound Lines* v. *Superior Court* (1946) 28 Cal.2d 61, 68 [168 P.2d 665])[4] while a default judgment in favor of the plaintiff was outstanding (*Reeves* v. *Hutson* (1956) 144 Cal.App.2d 445, 453-454 [301 P.2d 264]), and during the reference of a dispute to

---

[4]This exception is now codified in Code of Civil Procedure section 583.5.

the Department of Public Works (*City of Pasadena* v. *City of Alhambra* (1949) 33 Cal.2d 908, 917 [207 P.2d 17]). In *Woley* v. *Turkus* (1958) 51 Cal.2d 402, 407 [334 P.2d 12], recognizing it would be impossible to identify every situation in which a mechanical application of Code of Civil Procedure section 583 would produce injustice, we stated that the statute must be applied in light of all the circumstances in the individual case, including the acts and conduct of the parties and the nature of the proceedings themselves. (Accord, *Pacific Greyhound Lines* v. *Superior Court* (1946) *supra,* 28 Cal.2d 61, 68.)

An examination of the facts and circumstances of the present case reveals that in order to recover any damages plaintiffs must prove that the accident causing their injuries is attributable to the faulty design of an automobile manufactured by defendant. The evidence relating to this issue may be expected to involve complex mechanical and technical factual conflicts which will require the presentation of extensive expert testimony. This same issue is central to both the personal injury action and the wrongful death action, and to insist that the relevant evidence be duplicated at two separate trials would exacerbate the already substantial burdens of the litigation. It appears that avoidance of precisely such wasteful duplication motivated the enactment of the provision in Code of Civil Procedure section 377 declaring that wrongful death actions must be consolidated with other actions arising out of the same wrongful act and involving injuries to the decedent, on the motion of any interested party.

In contrast to the substantial benefits to be gained by consolidation, little purpose would be served by a mechanical application of the narrow terms of Code of Civil Procedure section 583 to the case at hand. A strict interpretation of the section cannot be justified on the ground that it would prevent the introduction of stale evidence, for most of the evidence relevant to the personal injury action will be presented at the trial of the wrongful death action, which has not been barred. It is also significant that there has been no hiatus in plaintiffs' preparations for trial which might have misled defendant into believing that the personal injury action had been abandoned.

There is no real issue before us as to whether an implied exception to relevant statutes should be recognized, for our alternative is to recognize an exception either to the five-year period prescribed by Code of Civil Procedure section 583 or to the right of either party to consolidate the actions, granted by

Code of Civil Procedure section 377. After examining the circumstances surrounding the present case, we have concluded that it would have served no purpose and thus would have been futile for plaintiffs to have attempted to prosecute their actions in separate and successive trials. The facts also demonstrate that it was impracticable for them to bring the consolidated actions to trial within five years after the personal injury action had been filed. By recognizing that this case constitutes an implied exception to section 583, we are best serving the legislative purpose, common to both section 583 and section 377, of encouraging speedy litigation at a minimum of inconvenience to all parties.

Of course, different considerations would be apposite if plaintiffs had intentionally delayed the filing of one of the actions for the purpose of extending the period for bringing the other action to trial. If the cause of action for wrongful death had accrued at the time the personal injury action was filed, there would be no reasonable basis for concluding that it was impracticable to bring both actions to trial within five years of that date. However, a plaintiff should not be penalized for delays beyond his control (*Woley* v. *Turkus* (1958) *supra*, 51 Cal.2d 402, 407), and in the present case the wrongful death action did not accrue until more than three years after the personal injury action had been filed. Therefore, the failure to file the two actions simultaneously was unavoidable.

Since we conclude that the trial court ruled correctly in refusing to dismiss the personal injury action, we reach the detrital issue concerning the time which now remains for plaintiffs to bring that action to trial.

Plaintiffs contend that whenever there is a consolidation the period within which both actions must be tried should be measured from the time the second action is filed. We do not agree. We hold that the personal injury action is excepted from the provisions of section 583 only for that period of time during which it was or is impracticable to bring the consolidated action to trial. Plaintiffs *must* bring the wrongful death action to trial by the expiration of the five-year period, February 20, 1969, but it does not necessarily follow nor is it reasonable to conclude that at all times before that date it would be impracticable to bring both it and the earlier-filed personal injury action to trial.

On the other hand, it is clear that for some period of time after the filing of the wrongful death action, a trial of the

consolidated actions was impracticable. For example, it was impossible for plaintiffs to commence the trial until defendant had filed an answer to the wrongful death complaint, and until normal discovery and pretrial proceedings had been completed.[5]

■ What constitutes a reasonable time to prepare for the trial of the consolidated actions will vary with the peculiar facts of each case. The trial court is in the most advantageous position to resolve this factual problem, and its ruling should be reversed only if an abuse of discretion is demonstrable. (See *Pacific Greyhound Lines* v. *Superior Court* (1946) *supra,* 28 Cal.2d 61, 68.) However, while it is necessary to determine the period of impracticability only if the case is impliedly excepted from Code of Civil Procedure section 583, resolution of the issue should implement the general scheme of that section so far as possible, and courts should not ignore the guidance which the section provides.

■ Pursuant to section 583, it is not within the discretionary power of the trial court to dismiss an action until two years after it has been filed; a plaintiff may not be penalized for failing to bring even the least complicated case to trial during this period. ■ Since the purpose of section 583 is to prevent avoidable delay (see *Christin* v. *Superior Court* (1937) *supra,* 9 Cal.2d 526, 532), this provision appears to represent a legislative determination that at least in the typical case a delay of two years is to be deemed unavoidable.

■ Adapting the foregoing to the instant case, the delay in bringing the wrongful death action to trial was unavoidable at least until February 20, 1966, two years after it had been filed, and hence the trial of the consolidated action was impracticable for no less than this period of time. It is clear that a trial could not have been undertaken during the pendency of this writ proceeding. (Cf. *Christin* v. *Superior Court* (1937) *supra,* 9 Cal.2d 526, 533.) Therefore, it appears that a trial has been impracticable at all times since the wrongful death action was filed and that this period should be disregarded in comput-

[5]Delays attributable to such normal pretrial preparations have not extended the time within which the *wrongful death action* must be brought to trial, for the statutory period prescribed in Code of Civil Procedure section 583 itself allows for such delays. (See *J. C. Penney Co.* v. *Superior Court* (1959) 52 Cal.2d 666, 670 [343 P.2d 919].) However, such delays, which were attributable to the wrongful death action, should not be disregarded in deciding whether it was practicable to bring the *personal injury action* to trial within five years; with respect to the period for bringing the latter action, they cannot be considered a normal part of the preparations for trial which the Legislature contemplated in enacting section 583.

ing the five-year period for commencing trial prescribed in Code of Civil Procedure section 583.[6] Whether, because of the particular facts of the case, the statute should also be tolled for some additional period of time is a question to be decided by the trial court. Therefore, we must deny the writ of prohibition and permit the trial court to exercise its discretion in determining the period of time remaining in which to commence the trial.

The alternative writ of prohibition heretofore issued is discharged and the peremptory writ is denied.

Traynor, C. J., Peters, J., Tobriner, J., Peek, J., and Burke, J., concurred.

McCOMB, J.—I dissent. I would grant the writ of prohibition as to the personal injury action.

The circumstances in which we have recognized implied exceptions to mandatory dismissal if an action is not brought to trial within five years from the date of filing the original complaint, as required by section 583 of the Code of Civil Procedure, are not present here. We have held that a court may excuse a plaintiff's failure to bring an action to trial within the prescribed time where for all practical purposes going to trial would be impossible, or because proceeding to trial would be both impracticable and futile.

The consolidation of the cases here did not make it impracticable and futile to proceed to trial. No more time for investigation or discovery proceedings to establish defendant's liability was needed after the actions were consolidated than before. If, as the plaintiffs in the personal injury action would be required to prove, defendant was liable for their injuries, defendant would also be liable if Mrs. Maraska's death resulted from her injuries. The only additional matters to be proved in the wrongful death action were that the plaintiffs were the heirs at law of Mrs. Maraska and the amount of damages to compensate them for the pecuniary loss they sustained by reason of her death.

The same attorneys represented the plaintiffs in both actions; they were familiar with all the facts of the accident alleged to have caused the injuries and death; and if they were not ready to go to trial before expiration of the five-year

---

[6]Of course, in no event would the consolidation of causes of action permit the trial to be commenced more than five years after the *last* action had been filed.

period they could have requested counsel for defendant to stipulate to an extension of time so as to bring plaintiffs within the exception provided in section 583 of the Code of Civil Procedure.[1]

---

[1]Section 583 of the Code of Civil Procedure provides in part that an action "shall be dismissed by the court . . . unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have filed a stipulation in writing that the time may be extended. . . ."