[Civ. No. 10469. Fourth Dist., Div. Two. July 29, 1971.]

NOEL McROBERTS et al., Plaintiffs and Appellants, v.
RAY ALLEN GORHAM et al., Defendants and Respondents.

1042

**COUNSEL**

Magana, Olney, Levy & Cathcart, Magana & Cathcart and William M. Thon for Plaintiffs and Appellants.

Gilbert, Thompson, Kelly, Crowley & Jennett, Everett W. Thompson, Jean Wunderlich, Wilson, Borror & Dunn and Caywood J. Borror for Defendants and Respondents.

**OPINION**

**KERRIGAN, Acting P. J.**—This is an appeal from a judgment of dismissal for lack of prosecution in failing to bring the action to trial within five years after it was commenced. (Code Civ. Proc., § 583.)

This lawsuit arose out of a vehicle collision which occurred on November 20, 1963, on U.S. Highway No. 66, approximately four miles west of Essex Road in San Bernardino County, in which the plaintiff Noel McRoberts sustained personal injuries and his wife and mother-in-law were killed. The action was initiated by the plaintiff Noel McRoberts to recover damages for the injuries he sustained in the collision and to recover damages for the wrongful death of his wife. He was joined in the action by the heirs of the mother-in-law, who sought damages for her wrongful death.

Named as defendants were Roy Allen Gorham, Aaron Bryant, Elton Eugene Kent and Agriculture Transportation Association of Texas (ATA).

The point where the accident occurred is a two-lane highway running in a generally easterly-westerly direction (one lane in each direction). Plaintiff Noel McRoberts was driving a Ford in an easterly direction. The collision occurred when the Ford was struck head-on by a Mercury driven by the defendant Gorham in a westerly direction. Plaintiffs contend that Gorham's Mercury was in the eastbound lane when it struck the McRoberts' Ford. Just prior to the collision, a third car, a 1959 Dodge driven by defendant Aaron Bryant, an airman in the United States Air Force, attempted to pass a fourth vehicle, an eastbound tractor and trailer, being driven by the defendant Elton E. Kent, an employee of the defendant ATA. When Bryant attempted to pass the truck-trailer and plaintiff's Ford, he encountered Gorham's Mercury coming in the opposite direction. Bryant attempted to avoid a head-on collision with Gorham's Mercury by proceeding to the north shoulder of the highway, but had to return to the westbound lane because the shoulder narrowed at a culvert. Gorham, westbound, apparently entered the eastbound lane to avoid Bryant. Bryant, drinking and traveling between 85-100 m.p.h. fled the scene and was later apprehended in Needles.

Two lawsuits were filed by McRoberts and the heirs of his wife's mother: On July 9, 1964, plaintiffs filed the San Bernardino Superior Court action. On June 17, 1965, plaintiffs also filed a complaint in the United States District Court for the Central District of California [Los Angeles] against the United States of America under the provisions of the Federal Tort Claims Act (28 U.S.C.A. § 1346) on the theory that Bryant was on military duty and acting in the course and scope of his employment with the government at the time of the collision.

Bryant did not appear in the San Bernardino action although he was a party defendant. He apparently was granted an open extension of time in which to plead. His deposition was taken in New Jersey in June 1965. The remaining defendants in the San Bernardino action, Gorham, Kent and ATA all appeared in the San Bernardino case. Extensive discovery ensued, including depositions of the plaintiffs and defendants. Additionally, the deposition of Bryant in the federal case was taken in April 1966.

In March 1967 a judgment in excess of $69,000 was entered in plaintiffs' favor in the federal action against the United States. The government appealed.

Between 1966-1968, the plaintiffs made some effort to proceed to trial in the state suit. Depositions were taken. The case was pretried. However, when the cause was set for trial, plaintiffs requested a continuance and, on

at least one occasion, the defendant Gorham opposed going to trial and was granted a five-month continuance. At the same time, defense counsel moved to dismiss the action on technical grounds and also moved for summary judgment or nonsuit on the basis that plaintiffs, in filing the federal action, had split their cause of action and made an election of remedies.

In March 1969 the United States Court of Appeals reversed the judgment and dismissed the action against the government. A petition for rehearing was denied. Certiorari was likewise denied by the United States Supreme Court in August 1969.

In September 1969 the superior court dismissed the state suit.

Plaintiffs urge that the judgment of dismissal was improperly granted on the basis that it would have been "impracticable and futile" for them to proceed to trial with the San Bernardino action during the statutory period by reason of the pendency of the federal suit.

While the statutory requirement of dismissal of an action for failure to bring it to trial within five years is mandatory, the purpose of section 583 of the Code of Civil Procedure is to prevent avoidable delay for too long a period and not arbitrarily to close the proceeding in all events in five years. (*Christin v. Superior Court*, 9 Cal.2d 526, 532 [71 P.2d 205, 112 A.L.R. 1153].) One of the recognized exceptions to the five-year statute is where, for all practical purposes, going to trial would be impossible, whether this is because of total lack of jurisdiction in the strict sense, or because proceeding to trial would be both impracticable and futile. (*General Motors Corp. v. Superior Court*, 65 Cal.2d 88, 93-97 [52 Cal. Rptr. 460, 416 P.2d 492]; *Rose v. Knapp*, 38 Cal.2d 114, 117-118 [237 P.2d 981]; *Pacific Greyhound Lines v. Superior Court*, 28 Cal.2d 61, 64-68 [168 P.2d 665].) Section 583 is not to be applied mechanically; rather, it must be applied in the light of all the circumstances in the case, including the nature of the proceedings themselves. (*General Motors Corp. v. Superior Court, supra*, p. 96; *Stella v. Great Western Sav. & Loan Assn.*, 13 Cal.App.3d 732, 737 [91 Cal.Rptr. 771].)

When the superior court ruled on the motion for dismissal in September 1969, the California Supreme Court had not rendered its decision in *Brunzell Constr. Co. v. Wagner*, 2 Cal.3d 545 [86 Cal.Rptr. 297, 468 P.2d 553], in which it set out the criteria which should guide a trial court in ruling on such a motion under the five-year statute where another action is pending between some of the same parties as a result of the same incident or transaction. Such factors are: (1) the relationship between the causes of action; (2) the expense and difficulty likely to be engendered by separate

trials; (3) the diligence and good faith efforts of the plaintiff; (4) the prejudice or hardship to the defendants; and (5) any other relevant facts the court deems important for the purpose of determining whether it would have been impracticable and futile to bring the instant action to trial within the statutory period.

Applying the *Brunzell* formula to the case under review, an examination of the record reveals that plaintiffs were in an extremely tenuous position. Obviously, the federal government could not be joined in the state action. Attempts to transfer the state action to the federal forum proved unsuccessful. There is some indication that diversity problems precluded plaintiffs from proceeding against all of the remaining defendants in the Los Angeles tribunal. Finally, had Bryant been dismissed as a party in the state action, defense counsel may have taken the position that he was indispensable. The record reflects that the defendants herein used many legal maneuvers (multiple motions) to exploit the infirmities in plaintiffs' position. It is also apparent that all the parties to this appeal were desirous of a final adjudication of the federal suit before proceeding with the state trial. Their willingness to defer the trial is understandable. If plaintiffs had prevailed against the government, it would have benefited the remaining defendants who, at the very least, would have been entitled to a set-off for the amount of the federal award in the event plaintiffs were subsequently successful in the state action. Finally, plaintiffs prosecuted the federal suit at the trial and appellate levels with commendable diligence.

Although the impracticability issue was raised at the hearing on the motion to dismiss, the law prior to *Brunzell* was vague, and the concept "impossible, impracticable or futile" had not been formalized. Consequently, the judgment must be reversed for a determination of the factual issues in light of *Brunzell*.

The judgment of dismissal is reversed and the case is remanded to the trial court for proceedings consistent with the views expressed in this opinion.

Tamura, J., and Gabbert, J., concurred.

A petition for a rehearing was denied August 17, 1971, and respondents' petition for a hearing by the Supreme Court was denied September 22, 1971.