491 F.2d 386
 PERERA COMPANY, INC., Appellant,
v.
Jack R. GOLDSTONE, Debtor-Defendant, Fireside Thrift Co.,
Intervenor and Appellee.
PERERA COMPANY, INC., Appellee,
v.
Jack R. GOLDSTONE, Debtor-Defendant, Fireside Thrift Co.,
Intervenor and Appellant.
 Nos. 71-2653, 71-2958.
 United States Court of Appeals, Ninth Circuit.
 Jan. 9, 1974.
 
 Patrick J. Maloney, Jr., of Sullivan, Roche & Johnson and Theodore A. Kolb (argued) San Francisco, Cal., for Fireside Thrift Co.
 K. Lambert Kirk, San Francisco, Cal. (argued) for Perera Co., Inc.
 Patrick J. Kearns, San Francisco, Cal., for Jack R. Goldstone.
 Before ELY, TRASK and WALLACE, Circuit Judges.
 OPINION
 ELY, Circuit Judge:
 
 
 1
 Here, we have an appeal by appellant Perera, plaintiff below, from a judgment subordinating its rights as a judgment creditor to those of Fireside Thrift Co., (hereinafter 'Fireside'), a post-judgment intervenor claiming a prior inventory lien. Fireside has cross-appealed from the District Court's order denying Fireside's claim for the cost of certain bond premiums.
 
 
 2
 In 1961 Perera obtained a default judgment against the defendant debtor, and a writ of execution was issued on Perera's behalf against the debtor's merchandise. Fireside, by depositing $30,000 in cash into the registry of the court, obtained a stay of execution and an order approving the release of the property to the debtor defendant in order to permit an orderly sale. Fireside then filed a post-judgment claim to test the priority of its lien. Lengthy legal proceedings, incuding a cross-complaint for damages brought by Perera against Fireside and later dismissed, long delayed the determination of the priorities. In 1965 the court permitted Fireside to substitute a surety bond for its cash deposit, and Fireside paid premiums on that bond until the action was resolved. Finally, in 1971, the District Court held that Perera's interest in the property was junior and inferior to that of Fireside and ordered that the surety bond posted by Fireside be exonerated.
 
 
 3
 Perera raises a number of issues. First, Perera argues that the trial court erred in not permitting it a jury trial. The appellee responds, correctly we think, that Perera was not entitled to a jury trial once the cross-complaint had been dismissed, since the enforcement of liens is a long established and well recognized function of the courts of equity. Proctor v. Arakelian, 208 Cal. 82, 98, 280 P. 368 (1929). But more clearly dispositive is the fact that the record reveals that Perera expressly waived its now asserted right to a jury trial.
 
 
 4
 Perera's second contention is that the trial court abused its discretion in refusing to dismiss Fireside's complaint in intervention for lack of prosecution. It argues that Rule 69, Fed.R.Civ.P., which provides that federal supplementary proceedings in aid of a judgment and execution shall be in accordance with state law, required that section 583 of California's Code Civ.Proc. be applied. On its face, the statute provides for the mandatory dismissal of a complaint in a civil action that has not been brought to trial within five years from the date of the complaint's filing. Even if applicable, section 583 has been interpreted by California's supreme court as not applicable in cases wherein delay is unavoidable. Brunzell Construction Co. v. Wagner, 2 Cal.3d 545, 86 Cal.Rptr. 297, 468 P.2d 553 (1970); General Motors v. Superior Court, 65 Cal.2d 88, 52 Cal.Rptr. 460, 416 P.2d 492 (1966); Rose v. Knapp, 38 Cal.2d 114, 237 P.2d 981 (1951); Christin v. Superior Court, 9 Cal.2d 526, 71 P.2d 205 (1937). In the case at hand, the district judge found that Perera's 1.5 million dollar cross-complaint was the source of unavoidable delay. We cannot say that this finding was without substantial evidentiary support; hence, the court's conclusion that section 583 should not be applied was not clearly erroneous.
 
 
 5
 Third, Perera argues that Fireside's complaint in intervention failed to state a claim on which relief could be granted, in that inventory liens were not expressly mentioned as a protected security device in California's 1961 third party claims statutes. We need not reach the merits of this argument, for in 1961, Perera and Fireside stipulated in writing to waive any procedural defects on the part of Fireside in presenting its inventory claim. Moreover, they also then agreed that there should be a judicial determination, on the merits, as to which lien was superior.
 
 
 6
 Finally, perera contends that, as a matter of law, Fireside's lien was inferior to its own. Perera bases this argument on the grounds that its lien was first in time and that Fireside obtained its inventory lien with actual knowledge of Perera's prior lien. The District Court held that Perera's original lien was lost by its assignor's failure to segregate the property and by allowing the property covered by the original lien to be sold or co-mingled with the remaining inventory so that it could not be identified. Thus, held the court, the only lien retained by Perera was the lien of the writ of execution, which was junior and inferior to Fireside's inventory lien. We are not persuaded that the District Court's findings and conclusion in this respect should be disturbed.
 
 
 7
 As to the cross-appeal, Fireside relies on Local Rule 124(e)(7) of the Northern District of California. This Rule provides that items taxable as costs shall include 'Premiums on undertaking bonds or security required by law or by order of the court or necessarily incurred by a party to secure a right accorded him in the action or proceeding.' The District Court found that the bond, while posted pursuant to a court order, was not required by that order, but only permitted by it. The court further found that the effect of the bond was to release money which had been deposited in lieu of goods. Fireside conceded that it had no claim for the loss of use of the money or the merchandise. And the proceedings themselves did not accord to Fireside the right to the use of the money or access to the goods. The successive releases of them were exclusively for the benefit of Fireside, and at its own option.
 
 
 8
 In all respects, the challenged judgment and order of the District Court are
 
 Affirmed.[1]
 
 
 [1]
 The parties shall bear the costs which each, respectively, has incurred in connection with this appeal