[No. B008863. Second Dist., Div. Four. June 27, 1985.]

JAMES A. DOCKERY, Plaintiff and Appellant, v.
DIANE R. HYATT, Defendant and Respondent.

**COUNSEL**

Blanchard & Ross, John T. Blanchard and Steven U. Ross for Plaintiff and Appellant.

H. Randall Rubin for Defendant and Respondent.

OPINION

**WOODS, P. J.**—James A. Dockery (plaintiff) appeals from an order of dismissal of his complaint, contending that the trial court abused its discretion by ordering dismissal pursuant to Code of Civil Procedure section 583, subdivision (a),[1] and by denying relief from default under section 473.[2] We reverse on the ground that the trial court failed to consider all the pertinent factors prior to the order of dismissal.

Plaintiff commenced an action for libel on March 18, 1980. On December 15, 1983, the court sent a notice of trial setting conference to plaintiff's counsel, stating that the conference was scheduled on February 9, 1984. Plaintiff's counsel received the notice on December 19, 1983, and immediately served notice on the defendant.

Plaintiff's counsel failed to appear at the February 9th trial setting conference, and the trial court dismissed the action.

Two and one-half months later, appellant's counsel moved for relief from default pursuant to section 473. Counsel explained he had been unable to appear at the trial setting conference because he was concentrating on his final argument in an unexpectedly long jury trial in another courtroom and could not "be in two places at the same time." The motion was denied. We need not address the propriety of that denial,[3] as we find that the trial court failed to properly exercise its discretion when it dismissed the action without fully taking into consideration the factors outlined in rule 373(e) of the California Rules of Court.

Rule 373(e) states: "In ruling on the motion the court shall consider all matters relevant to a proper determination of the motion, including the court's file in the case and the affidavits and declarations and supporting data submitted by the parties and, where applicable, the availability of the

---

[1]Section 583, subdivision (a), provided: "The court, in its discretion, may dismiss an action for want of prosecution pursuant to this subdivision if it is not brought to trial within two years after it was filed. The procedure for obtaining such dismissal shall be in accordance with rules adopted by the Judicial Council." This section was repealed in 1984, and replaced with sections 583.410 and 583.420. All statutory references are to the Code of Civil Procedure, unless otherwise stated.

[2]Section 473 provides in relevant part: "The court may, upon such terms as may be just, relieve a party . . . from a judgment, order, or other proceeding taken against him . . . through . . . mistake, inadvertence, surprise or excusable neglect."

[3]We note, however, that in *Elston* v. *City of Turlock* (1985) 38 Cal.3d 227, 234 [211 Cal.Rptr. 416, 695 P.2d 713], the court stated that excusable neglect would not be established by an allegation that counsel was aware of a deadline and missed it "because he forgot or was too busy."

moving party and other essential parties for service of process; the extent to which the parties engaged in any settlement negotiations or discussions; the diligence of the parties in pursuing discovery or other pretrial proceedings, including any extraordinary relief sought by either party; the nature and complexity of the case; the law applicable to the case, including the pendency of other litigation under a common set of facts or determinative of the legal or factual issues in the case; the nature of any extensions of time or other delay attributable to either party; the condition of the court's calendar and the availability of an earlier trial date if the matter was ready for trial; whether the interests of justice are best served by dismissal or trial of the case or by imposing conditions on its dismissal or trial; and any other fact or circumstance relevant to a fair determination of the issue.''

■ In *City of Los Angeles* v. *Gleneagle Dev. Co.* (1976) 62 Cal.App.3d 543 [133 Cal.Rptr. 212], we held that the factors delineated in rule 203.5 of the California Rules of Court (redesignated rule 373) must be considered when a motion to dismiss for failure to prosecute is presented to the court under section 583, subdivision (a). To the extent they are applicable, those same factors should be considered where the section 583 dismissal is made on the court's motion, as occurred here. ■ Moreover, under *Gleneagle,* ''[d]ismissal is only mandated when there is an entire absence of any showing of good cause for delay. [Citations.]'' (62 Cal.App.3d at p. 561.)

■ Although the minute order of February 9, 1984, was not made part of the record on appeal, we have taken judicial notice of it on our own motion. It states simply: ''TSC Off Calendar—No Appearance by Plaintiff, Case Dismissed Pursuant to 583 (a) CCP.'' Similarly, the trial court stated in denying appellant's motion for relief from default that counsel should have arranged for another attorney to cover for him. The record thus establishes that the dismissal was based on the single factor of counsel's failure to appear, without consideration of the other factors listed in rule 373(e). The factor of plaintiff's counsel's diligence in pursuing discovery or other pretrial proceedings was particularly pertinent here. Plaintiff has contended, without dispute by defendant, that the case had been prosecuted diligently up to the time of the missed appearance for the trial setting conference. Moreover, there has been no showing that defendant was prejudiced by the delay.

We recognize that the notice of the trial setting conference which was received by plaintiff's counsel warned: ''If the complaint was filed more than 2 years prior to the date of the Trial Setting Conference and Plaintiff or Plaintiff's counsel does not *personally* appear the court will enter its order dismissing said action for lack of prosecution pursuant to CCP 583(a).'' The form's language gave notice of the ultimate possible sanction

which could attend a failure to appear. It did not and could not relieve the trial court of its duty to consider the rule 373(e) factors in exercising its discretion whether to dismiss.

 As we stated in *City of Los Angeles* v. *Gleneagle Dev. Co., supra,* 62 Cal.App.3d at page 563: "The penalty of dismissal against a dilatory plaintiff should be exercised with the utmost care; . . . The reason is that, in the absence of prejudice to defendants, attributable to unreasonable delays by plaintiff, the probability of a miscarriage of justice is greater when a trial on the merits is denied than it is where plaintiff is permitted to proceed."

Our Supreme Court expressed similar concerns in *Elston* v. *City of Turlock, supra,* 38 Cal.3d at page 235, further stating: "Unless inexcusable neglect is clear, the policy favoring trial on the merits prevails."

*Elston* cited as a "good illustration of the type of conduct that constitutes inexcusable neglect" the facts of *Carroll* v. *Abbott Laboratories, Inc.* (1982) 32 Cal.3d 892 [187 Cal.Rptr. 592, 654 P.2d 775]. There, counsel had ignored two court orders compelling production of documents and failed to appear at two court hearings prior to dismissal of the action. (*Elston* v. *City of Turlock, supra,* 38 Cal.3d at p. 236.) ██ ██ ██ ██ The single misdeed by counsel here did not rise to that level.[4]

The judgment is reversed. Respondent's request for sanctions is denied.

McClosky, J., and Arguelles, J., concurred.

---

[4]Appropriate alternatives to dismissal are the imposition of sanctions or conditional denial of the motion to dismiss. (Cal. Rules of Court, rule 373(f); see *City of Los Angeles* v. *Gleneagle Dev. Co., supra,* 62 Cal.App.3d at p. 563.)