[No. B079396. Second Dist., Div. Three. July 24, 1995.]

MEYDAD COHEN, Plaintiff and Appellant, v.
HUGHES MARKETS, INC., Defendant and Respondent.

**COUNSEL**

Itamar Bernstein and Evan D. Marshall for Plaintiff and Appellant.

Collins, Collins, Muir & Traver and Frank J. D'Oro for Defendant and Respondent.

## OPINION

**KLEIN, P. J.**—Plaintiff and appellant Meydad Cohen (Cohen) appeals an order dismissing his personal injury action against defendant and respondent Hughes Markets, Inc. (Hughes) for lack of prosecution.[1]

The issue presented is whether the trial court's ruling constituted an abuse of discretion.

We conclude the trial court erred in dismissing the action for lack of prosecution because an action which is less than two years old is not subject to dismissal on that basis. (§ 583.420, subd. (a)(2)(B); rule 372.) Further, the mere fact Cohen was not present in court when the matter was called for trial did not warrant dismissal inasmuch as Cohen's counsel was present, a jury had to be selected, and Cohen was in transit and would have arrived from overseas by the time his presence as a witness was required.

The order of dismissal therefore is reversed and the matter is remanded for trial.

### FACTUAL AND PROCEDURAL BACKGROUND[2]

On October 23, 1991, Cohen, an Israeli tourist, allegedly slipped and fell at a Hughes Market in Studio City. On November 19, 1991, Cohen filed a negligence action against Hughes. Hughes denied the allegations and asserted various affirmative defenses. Discovery proceedings ensued. The at-issue memorandum was filed July 28, 1992. Hughes therein requested a jury trial.

The trial court ordered the case into arbitration, the matter was arbitrated and on December 15, 1992, Cohen filed a request for trial de novo. The case was set for a seven-day jury trial commencing May 10, 1993. On May 6, 1993, the parties stipulated to continue the trial date to August 16, 1993.

---

[1]An order of dismissal signed by the trial court and filed in the action constitutes a judgment and is effective for all purposes. (Code Civ. Proc., § 581d.)

All further statutory references are to the Code of Civil Procedure, unless otherwise specified.

Also, all rule references are to the California Rules of Court.

[2]Given the minimal record on appeal, we have taken judicial notice of the superior court file. (Evid. Code, §§ 452, subd. (d), 459.)

On August 16, 1993, at 9:35 a.m., the case was called for trial. The following colloquy ensued:

"THE COURT: Hughes matter. Plaintiff ready?

"MR. BERNSTEIN [Cohen's attorney]: Good morning, Your Honor. I must start with a big apology.

"THE COURT: I can't hear you.

"MR. BERNSTEIN: I must start with an apology. My client lives in Israel. He was supposed to be here this morning. I had my office staff call him now to Israel and he is on the plane, but he will be landing at 7:00 in the evening.

"MR. D'ORO [Hughes's attorney]: This case was continued once before several months ago. The matter is set for trial. There is no verification he is on the plane. I move to dismiss.

"THE COURT: Sir, the ball is in the air. In other words, we had about ten matters on. There is just one here. We also disposed of a jury case that we have finished. We are wide open and you are the ones that are here.

"Where is he? You say he is on a plane?

"MR. BERNSTEIN: He is on the plane.

"THE COURT: Dismissed for lack of prosecution.

"You prepare the order."

The August 16, 1993, minute order stated: "Plaintiff is not present when case is called for trial. The Court dismissed this action for lack of prosecution."

The August 24, 1993, order of dismissal, which was prepared by Hughes's counsel, provided: "IT IS HEREBY ORDERED that this matter was called for trial on August 16, 1993, at which time plaintiff's counsel indicated plaintiff was not present and was not ready to proceed with trial. The defense was ready and willing to proceed. Therefore, on motion of the defense to dismiss, the Court dismissed plaintiff's case for failure to prosecute in a reasonable and timely manner."

On August 27, 1993, Cohen filed a motion for reconsideration. He argued, inter alia, the trial court lacks discretion to dismiss an action for lack of

prosecution prior to the two-year mark. Further, while section 581, subdivision (b)(5), allows a dismissal without prejudice "when either party fails to appear on the trial and the other party appears and asks for dismissal," there was no such failure here to appear. Cohen appeared through his attorney and his personal attendance was not required on the first day of what was to be a jury trial.

The supporting declaration of Cohen's attorney, Bernstein, stated: both he and defense counsel answered they were ready when the case was called the first time at 9 a.m. Defense counsel insisted Bernstein advise the trial court his client was not present. When the case was called the second time, Bernstein informed the trial court of Cohen's absence. However, at no time did Bernstein request a continuance or revoke his previous announcement of readiness. Cohen was ready for trial on August 16, 1993. His technical expert was under subpoena and on call, the medical experts and records had been subpoenaed, and Cohen's interpreter was present in court. Further, Cohen arrived in Los Angeles at 11:45 p.m. on the evening on August 16, 1993, via Air France.

In opposition, Hughes argued the motion was an attempt to excuse the simple fact Cohen was not present for trial on the date set and his attorney failed to convey to the trial court he could or would proceed without the presence of Cohen at the outset.

On September 17, 1993, the trial court denied reconsideration.

On October 18, 1993, Cohen filed notice of appeal.[3]

## CONTENTIONS

Cohen contends the trial court had no authority to dismiss the action by reason of his failure personally to be present when the action was called for trial, and the brief delay in his arrival did not justify dismissal for lack of prosecution.

---

[3]We construe the notice of appeal, which purports to appeal from the August 16, 1993, minute order, to refer to the August 24, 1993, formal order of dismissal.

## DISCUSSION

### 1. *Trial court lacks discretion to dismiss an action for lack of prosecution prior to the two-year mark.*

#### a. *Dismissal for lack of prosecution not authorized prior to two-year mark.*

■ Section 583.420 states in relevant part: "(a) The court may not dismiss an action pursuant to this article for delay in prosecution except after one of the following conditions has occurred: [¶] . . . [¶] (2) The action is not brought to trial within the following times: [¶] . . . [¶] (B) *Two years* after the action is commenced against the defendant . . . ." (Italics added.)

Consistent therewith, rule 372 provides: "(a) . . . The court on its own motion or on motion of the defendant may dismiss an action . . . for delay in prosecution if the action has not been brought to trial . . . within *two years* after the action was commenced against the defendant." (Italics added.)

Thus, the relevant statute and court rule authorize dismissal for lack of prosecution no sooner than the two-year mark.

The Supreme Court reached the same conclusion in *General Motors Corp. v. Superior Court* (1966) 65 Cal.2d 88, 91, 98, footnote 2 [52 Cal.Rptr. 460, 416 P.2d 492], involving former section 583, which similarly authorized dismissal for failure to bring an action to trial within two years. The Supreme Court stated: "Pursuant to section 583, it is not within the discretionary power of the trial court to dismiss an action until two years after it has been filed; a plaintiff may not be penalized for failing to bring even the least complicated case to trial during this period." (65 Cal.2d at p. 98.)

Because the instant action was filed November 19, 1991, the trial court lacked discretion to dismiss the action for lack of prosecution less than two years later, on August 16, 1993.

#### b. *Cohen was not given adequate notice.*

We further observe the trial court compounded its error by dismissing for lack of prosecution without any prior notice to Cohen. Due process demands notice to the plaintiff adequate to defend against the charge of procrastination. (*Wilson* v. *Sunshine Meat & Liquor Co.* (1983) 34 Cal.3d 554, 561, fn. 7 [194 Cal.Rptr. 773, 669 P.2d 9].)

Thus, a party seeking dismissal for lack of prosecution "shall serve and file a notice of motion *at least 45 days* before the date set for hearing . . . ." (Rule 373(a), italics added.) If "the court intends to dismiss an action on its own motion [for delay in prosecution], the clerk shall set a hearing on the dismissal and mail notice to all parties *at least 20 days* before the hearing date." (Rule 372(a), italics added.)

Here, the grant of dismissal in response to defense counsel's oral motion on the morning of trial did not comport with court rules or with due process.

c.  *Trial court failed to consider rule 373(e) factors.*

The trial court further compounded its error by failing to consider the factors specified in rule 373(e). That rule requires the trial court, on a motion to dismiss for lack of prosecution, to consider: "[T]he availability of . . . parties for service of process. . . . the extent to which the parties engaged in any settlement negotiations or discussions; the diligence of the parties in pursuing discovery or other pretrial proceedings, including any extraordinary relief sought by either party; the nature and complexity of the case; the law applicable to the case, including the pendency of [related] litigation . . . ; the nature of any extensions of time or other delay attributable to either party; the condition of the court's calendar and the availability of an earlier trial date if the matter was ready for trial; whether the interests of justice are best served by dismissal or trial of the case; and any other fact or circumstance relevant to a fair determination of the issue." (Rule 373(e).)

The trial court did not engage in the broad evaluation required by rule 373(e), nor could it have in view of the hasty manner in which it arrived at its ruling. The trial court's exclusive focus on Cohen's absence on August 16, 1993, fell far short of what is required by rule 373(e).

For all these reasons, the dismissal of the action for lack of prosecution was clear error. The remaining issue is whether the dismissal is sustainable on alternate grounds.

2.  *Section 581, subdivision (b)(5), is unavailing to Hughes.*

Hughes invokes section 581, subdivision (b)(5), which provides: "(b) An action may be dismissed . . . : [¶] . . . [¶] (5) By the court, without prejudice, when either party fails to appear on the trial and the other party appears and asks for dismissal." Hughes's reliance on the statute is misplaced because Cohen appeared when the matter was called for trial through his attorney.

■ Bernstein was present in court on August 16, 1993, and "whether his client was personally present at this civil proceeding is immaterial. 'In civil cases personal appearance by a party is not essential; appearance by an attorney is sufficient and equally effective.' [Citation.] In fact, in a civil litigation the court has no inherent power to order the physical presence of a party before it, except as a witness, at any stage of the litigation. (*Silvagni* v. *Superior Court* (1958) 157 Cal.App.2d 287, 291 [321 P.2d 15].)" (*Taylor* v. *Bell* (1971) 21 Cal.App.3d 1002, 1008 [98 Cal.Rptr. 855].)[4]

■ Therefore, the mere fact Cohen was not personally present in court on the morning trial was to commence did not warrant dismissal pursuant to section 581, subdivision (b)(5).

Further, the reporter's transcript indicates Bernstein did not even request a continuance. Also, contrary to the recitation in the order of dismissal, Bernstein did not assert he was not ready to proceed with trial. The record reflects Bernstein merely apprised the trial court that Cohen was en route and would be arriving that evening.

Notwithstanding Cohen's absence on August 16, 1993, the matter could have proceeded that day. As indicated, Hughes had requested a jury and the superior court file indicates jury fees had been posted. Thus, a jury had to be selected. Therefore, Cohen's absence did not preclude the matter from proceeding that same day, and Cohen would have arrived by the time his presence as a witness was required.

## DISPOSITION

The order is reversed and the case is remanded for trial. Cohen to recover costs on appeal.

Croskey, J., and Kitching, J., concurred.

---

[4]*Wisniewski* v. *Clary* (1975) 46 Cal.App.3d 499, 505 [120 Cal.Rptr. 176], criticized *Taylor* and *Silvagni* in this regard for being overly broad, stating the mere fact a court may not compel a litigant to be physically present at a civil trial "does not mean that it may not command his attendance in person at a mandatory settlement conference." However, *Wisniewski* agreed that a court "may not force a party to be personally present at the *trial* of a civil action," and it observed that a "civil trial may proceed expeditiously without the presence of a party." (*Ibid.*, italics added.)