Filed 9/22/15  Castillo v. City of Long Beach CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| ALEJANDRO CASTILLO et al.,<br><br>Plaintiffs and Appellants,<br><br>v.<br><br>CITY OF LONG BEACH et al.,<br><br>Defendants and Respondents. | B253527<br><br>(Los Angeles County<br>Super. Ct. No. NC053921) |

APPEAL from an order of the Superior Court of Los Angeles County. Ross M. Klein, Judge.  Affirmed.

Law Offices of Benjamin P. Wasserman and Benjamin P. Wasserman for Plaintiffs and Appellants.

Office of the Long Beach City Attorney, Charles Parkin, City Attorney, and Howard D. Russell, Deputy City Attorney, for Defendants and Respondents.

_____

On June 24, 2013, the plaintiffs (Alejandro Castillo, Maria Castillo, and Victor Miranda)[1] and their counsel failed to appear for trial. Defense counsel moved for dismissal which the trial court granted. Castillo contends the trial court (1) failed to give adequate notice of dismissal in violation of due process, and (2) abused its discretion by (a) denying a motion to continue, (b) dismissing the action, and (c) denying a motion to reconsider. We affirm.

## FACTS

In December 2009, Castillo filed an action against the City of Long Beach Police Department (LBPD) and a number of LBPD officers[2] alleging "police brutality" during an arrest. Attorney Benjamin Wasserman represented Castillo.

The first trial date, October 31, 2011, was set approximately two years after the lawsuit was filed. Thereafter, Castillo through Wasserman initiated a series of trial continuances. On October 28, 2011, Wasserman filed the first ex parte motion to continue. It explained a continuance was necessary because Castillo's expert witness on police practices, David Dusenbury, was unavailable "due to medical reasons." Dusenbury was expected to be available in "approximately two weeks.' A stipulation to continue trial was signed by counsel for both parties moving the date to January 30, 2012. The trial date was thereafter moved again. On May 23, 2012, Wasserman initiated the second continuance. A stipulation to continue trial was signed by counsel for both parties moving the trial date to October 1, 2012.

On September 27, 2012, Wasserman filed another ex parte motion to continue the trial date of October 1, 2012 for 120 days. In support of the motion, a declaration explained counsel "recently underwent eye surgery and ha[d] another similar surgery scheduled on September 28, 2012." At a conference conducted on October 11, 2012, the trial was moved to January 22, 2013. The trial court stated "no further continuances [would] be granted."

---

[1]     We hereafter refer to the three plaintiffs as "Castillo."

[2]     We hereafter refer to the LBPD as "the Department." Our references to the Department include any individually named police officers or other city officials.

On January 10, 2013, Wasserman filed another ex parte motion to continue the trial date of January 22, 2013. In this motion, counsel explained Dusenbury again was not available for trial due to medical reasons. The record on appeal shows the trial date was continued to June 24, 2013.

On June 21, 2013, three days before trial, Wasserman filed an ex parte motion to continue the trial. Counsel requested 30 to 60 days to allow Castillo time to retain new counsel or to decide whether Wasserman was able to continue their representation. In this motion, Wasserman explained a "knee surgery" was performed on June 11, 2013, the surgery "did not go as well as [he] expected," and he was unable to return to his practice. The trial court offered to accommodate counsel's medical condition by permitting counsel to remain seated. The trial court denied the motion. It ordered the parties and counsel to appear on June 24 to begin jury selection.

On June 24, 2013, the Department's counsel and a number of Department officers appeared for the start of trial. Castillo and Wasserman were absent. Instead, Wasserman filed a declaration in support of a motion to continue from his surgeon, Eric Lee, M.D. According to Dr. Lee, Wasserman received a right knee arthroscopy on June 11, 2013, and, "since that time, [he had] been unable to stand or sit for more than a few minutes at a time because of intense and severe pain in his legs, right hip and back area . . . ." Dr. Lee prescribed pain medications which "cause[d] Mr. Wasserman to become lethargic and unable to concentrate." Dr. Lee concluded: "It is my medical opinion, based upon a reasonable medical probability, that Mr. Wasserman is not physically able to participate in a trial or similar activity for a minimum of two weeks."

At or near the time the declaration was received, a lawyer named "Randi Duvall" (phonetic) called the courtroom and indicated she "would be available at 1:30 p.m. to . . . discuss [Castillo's] continuance request."

The trial court directed the clerk to contact attorney Duvall to ask if she was prepared to start jury selection at 1:30 p.m. When contacted, attorney Duvall informed she would not appear for trial. The court, in turn, directed attorney Duvall to contact Wasserman regarding the court's tentative ruling to dismiss Castillo's action without

3

prejudice.  Wasserman did not respond.  At around 9:00 a.m., the Department's counsel made an oral motion to dismiss the action under Code of Civil Procedure section 581, subdivision (l), for the failure of Castillo and Wasserman to appear for trial.  The court granted the motion.  On July 1, 2013, the Department served a "notice of ruling" explaining the events that occurred on June 24, 2013.

On July 11, 2013, Wasserman filed a written "motion for reconsideration" pursuant to Code of Civil Procedure section 1008 seeking to set aside "the order dismissing case without prejudice, which the court made on June 24, 2013."  The motion was based on previously submitted documents in support of a continuance of the June 24, 2103 trial date.  Department filed an opposition.

The motion for reconsideration was submitted on November 21, 2013.  The trial court denied the motion.  It signed and entered a nine-page order.  The trial court's denial was based on Castillo's failure to present new evidence.

On December 23, 2013, Castillo filed a notice of appeal from the "judgment of dismissal" entered on "November 21, 2013."

## DISCUSSION

### I.       The Due Process Claim

The trial court's decision to dismiss rested on Code of Civil Procedure section 581, subdivision (l) which states, "The court may dismiss, without prejudice, the complaint in whole, or as to that defendant when either party fails to appear at the trial and the other party appears and asks for the dismissal."  Castillo contends the order of dismissal must be reversed because the court's order failed to give adequate notice in violation of their right to due process.  Castillo's argument relies entirely on *Cohen v. Hughes Markets, Inc*. (1995) 36 Cal.App.4th 1693 (*Cohen*).

In *Cohen,* plaintiff's counsel appeared at the start of trial and informed the court the plaintiff was traveling from another country and that he would arrive later that evening.  Despite counsel's explanation for his client's tardiness, the court dismissed citing lack of prosecution.  In reversing the judgment, *Cohen* relied on Code of Civil Procedure section 583.420 subdivision (a)(2)(B), and the former California Rules of

4

Court 373 (now renumbered Cal. Rules of Court 3.1342). The court reasoned, "[T]he trial court erred in dismissing the action for lack of prosecution because an action which is less than two years old is not subject to dismissal on that basis. (§ 583.420, subd. (a)(2)(B) . . . .) Further, the mere fact [plaintiff] was not present in court when the matter was called for trial did not warrant dismissal inasmuch as [plaintiff]'s counsel was present, a jury had to be selected, and plaintiff was in transit and would have arrived from overseas by the time his presence as a witness was required." (*Cohen, supra*, 36 Cal.App.4th at p. 1695.)

On the specific question of due process, *Cohen* noted, "Due process demands notice to plaintiff adequate to defend against the charge of procrastination." (*Cohen,* at p. 1698.) When *Cohen* referred to "plaintiff," it was referring to the actual party, not counsel. This is so because plaintiff's counsel appeared for trial and defended his client's tardiness. An absent party who is diligently attempting to arrive from overseas and who is represented by counsel should not be penalized with dismissal without prior notice. This is not our case. On June 24, 2013 at the start of trial, Castillo and Wasserman both failed to appear.

We recognize Castillo and Wasserman might have stood in different shoes. As in *Cohen*, an attorney and their client may sometimes find themselves in differing positions. On the other hand, under California State Bar's rule 3-500,[3] Wasserman owed a duty of communication to keep Castillo informed on material matters that affected their case. (Rules Prof. Conduct, rule 3-500). We presume Wasserman fulfilled his professional duty to communicate when the motion to continue was denied on June 21. Unlike *Cohen*, our record is devoid of differences between Castillo and Wasserman. Wasserman never informed the trial court Castillo was on the way to court for trial. There is no record Castillo came to court on June 24 or called to inquire that day about the status of

---

**3**      Rule 3-500 of the State Bar Rules of Professional Conduct states, "A member shall keep a client reasonably informed about significant developments relating to the employment or representation, including promptly complying with reasonable requests for information and copies of significant documents when necessary to keep the client so informed."

the case. Thus, the facts in the instant case bear little resemblance to *Cohen*. With this understanding, we can only conclude Castillo and Wasserman stood in the same shoes and knew about the trial but failed to appear.

Castillo has failed to articulate lack of adequate notice. Contrarily, Castillo had notice of the possibility that their case might be dismissed when their motion to continue was denied on June 21. Despite that notice, no one appeared for trial. We see no due process violation.

## II.     The Abuse of Discretion Claim

### A. *Trial Court's Ruling*

Castillo's contention on abuse of discretion for the dismissal and the denial of the motion to continue and reconsideration are factually interrelated. In this regard, the trial court's written order denying the motion for reconsideration is instructive of its thoughts and reasoning on the whole.

The trial court wrote: "Even if the Court were to reconsider (which it cannot do because of the jurisdictional infirmity of the motion), the Court would not change its ruling. The Court finds that there has been an intentional, calculated and persistent delay in prosecution. This claim, arising from an incident in 2006, was filed on December 22, 2009. There have been at least five trial continuances at Plaintiff's request. The Court takes judicial notice of its case file and observes that on October 11, 2012, Judge Madden continued the trial to January 22, 2013 and his minute order states 'This is the last trial continuance.' Despite that notation, on January 10, 2013, Judge Madden, at Plaintiff's ex-parte request, re-opened discovery for the limited purpose of allowing Plaintiffs to take the deposition of their own expert, David Dusenbury. Judge Madden vacated the trial date and trailed the ex parte motion to continue trial to January 24, 2013, so the parties could work out a stipulation of the parties, trial was set for June 24, 2013. Defendants note in their opposition that despite this final continuance, Mr. Wasserman never took Mr. Dusenbury's deposition. The June 24, 2013 trial date was set by his own stipulation, yet Mr. Wasserman scheduled arthroscopic surgery for a date shortly before trial. He did not seek a continuance prior to undergoing surgery, and no evidence has

6

been presented that the surgery was due to an emergency." In denying the motion to reconsider, the trial court concluded, " . . . based on the entirety of the record, that Mr. Wasserman intended and expected to get still another continuance by purposely scheduling elective surgery shortly before a stipulated trial date. The pattern of delay in prosecution of this case has been egregious."

### B. Analysis

#### 1. Motion to Continue

A denial of a motion to continue is reviewed for abuse of discretion. (*Thurman v. Bayshore Transit Management, Inc.* (2012) 203 Cal.App.4th 1112, 1126-1127.) "'The trial court's exercise of that discretion will be upheld if it is based on reasoned judgment and complies with legal principles and policies appropriate to the case before the court. [Citation.] A reviewing court may not disturb the exercise of discretion by a trial court in the absence of a clear abuse thereof appearing in the record.'" (*Id*. at p. 1126.)

Fair and efficient administration of justice requires diligent effort. Rule 3.1332(a) states, "To ensure the prompt disposition of civil cases, the dates assigned for a trial are firm. All parties and their counsel must regard the date set for trial as certain." In ruling on a motion to continue, a trial court may, inter alia, consider "whether there was a previous continuance, extension of time, or delay of trial due to any party." (Cal. Rules of Court, rule 3.1332(d)(2).)

On Friday June 21, 2013 when the motion to continue was heard, the trial court was faced with the following set of facts: (1) the case was set to start trial on the next business day Monday June 24, 2013, (2) the party requesting the continuance previously sought a continuance despite a no further continuance order from October 11, 2012, (3) the reason given for the prior continuance – as in two other instances was medically related, (4) Wasserman chose the trial date (June 24) but scheduled a surgery just two weeks prior to the start of trial, (5) the surgery appeared to be elective, (6) Castillo's counsel did not contact the court and opposing party earlier (the surgery was apparently done on June 11, 2013) about the potential need for a continuance, (7) the case was nearly four years old, and (8) Castillo's counsel, in that nearly four year time period,

7

either through an ex parte motion or by stipulation previously continued and vacated four other trial dates.

The trial court wrote later it believed there was an "intentional, calculated and persistent delay in prosecution." Given these set of circumstances, an inference of delay contrary to the policy underpinning Rule 3.1332(a) was rational. The trial court balanced Wasserman's medical condition with an offer of accommodation. The possibility of a medical condition does not mean a continuance is always necessary. The submission of the declaration by Dr. Lee on June 24, 2013 did not change the trial court's mind. No abuse of discretion appears in the record.

2. *Dismissal*

A dismissal pursuant to section 581, subdivision (l) is discretionary. "Thus, a trial court's decision to dismiss under this section will be overturned only upon a showing of a manifest abuse of discretion. [Citation.] Discretion is abused when the trial court's ruling is arbitrary, capricious, exceeds the bounds of reason or prevents a fair hearing from being held. [Citation.]" (*Link v. Cater* (1998) 60 Cal.App.4th 1315, 1321 (*Link*).)

On the trial date, attorney Duvall called the court, presumably at the behest of Wasserman, and spoke with the clerk. The clerk, on the instruction of the trial court, informed Duvall to contact Wasserman of the possibility of dismissal. By 8:55 a.m., Wasserman had yet to call. The Department moved to dismiss under Code of Civil Procedure section 581, subdivision (l). The trial court granted the motion to dismiss without prejudice on the following grounds (1) the case was originally filed in December 22, 2009 and dismissed because Wasserman was unable to proceed, (2) the case was refiled by same counsel, (3) the trial court informed substitute counsel at the motion to continue on June 21, 2013 that the court would make a reasonable accommodation, (4) the case was set for trial January of 2013 but was continued to accommodate medical treatment of his witness, (5) the June 24, 2013 trial date was set by Wasserman, and (6) Duvall who called in the morning indicated she would not appear for trial at 1:30 p.m.

In *Link*, the Court of Appeal reversed a trial court's dismissal order for abuse of discretion.[4] In finding abuse of discretion, *Link* primarily focused on plaintiff's diligence to prosecute the case, the trial court's misconceptions concerning the history of who had requested the continuances, and the decision to set a trial date without consulting the plaintiff (medical procedure was previously scheduled necessitating travel out of the country). In our case, none of these considerations apply. On diligence to prosecute, the inference in the instant case is to the contrary. The record is devoid of Castillo or Wasserman seeking to expedite prosecution. Secondly, the trial court was not under a misconception on who sought the continuances delaying the trial. Wasserman moved the trial date four times (1) on October 28, 2011 because witness Dusenbury was unavailable for trial "due to medical reasons," (2) on May 23, 2012, for reasons unknown, (3) on September 27, 2012, because Castillo's counsel had eye surgery, (4) On January 10, 2013, because witness Dusenbury was again not available for trial "due to medical reasons." Finally, the trial court did not unilaterally choose June 24 without consulting the parties. Instead, the trial date of June 24, 2013 was chosen by Castillo through Wasserman. *Link* is distinguishable. The trial court's reasons for dismissing the action were not arbitrary and capricious.

### 3. *Motion for Reconsideration*

A ruling on a motion for reconsideration pursuant to Code of Civil Procedure section 1008, subdivision (a), is reviewed for abuse of discretion. "Section 1008, subdivision (a) requires that a motion for reconsideration be based on new or different facts, circumstances, or law. A party seeking reconsideration also must provide a satisfactory explanation for the failure to produce evidence at an earlier time." (*New York Times Co. v. Superior Court* (2005) 135 Cal.App.4th 206, 212.)

In ruling on the motion to reconsider, the trial court noted the evidence presented by Wasserman was identical to those presented on June 21 and 24, 2013 with one exception – an unsigned declaration by Wasserman. The trial court considered the

---

[4]   Similar to the instant case, the trial court dismissed pursuant to Code of Civil Procedure section 581, subdivision (l).

unsigned declaration a legal nullity and denied the motion on the failure to present new or different facts or circumstances as required by Code of Civil Procedure section 1008, subdivision (a).  Based on review of the record of the case, it appears Wasserman failed to present new or different facts or circumstances.  Instead, he resubmitted the same documents for reconsideration.  He argued the same point - the arthroscopic surgery performed on June 11, 2013 was a proper ground - for a continuance.  We observe no abuse of discretion denying this motion.

## DISPOSITION

The order of dismissal entered on June 24, 2013 is affirmed.  Respondents are awarded costs on appeal.


OHTA, J.*

We concur:


FLIER, Acting P. J.


GRIMES, J.

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.