Filed 7/11/23  Dong v. Dong CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| ALANA H. DONG,<br><br>       Plaintiff and Appellant,<br><br>v.<br><br>RAYMOND T. DONG, et. al.,<br><br>       Defendants and Respondents. | A166687<br><br>(Alameda County<br>Super. Ct. No. RP15777439) |

**MEMORANDUM OPINION**

This probate litigation arises out of a dispute between siblings Alana H. Dong and Raymond T. Dong over control of a revocable trust created by their parents.[1]  In July 2015, Alana petitioned for an order seeking, among other things, removal of Raymond as co-trustee.  Raymond filed a competing petition; thereafter, he and his wife responded to Alana's petition.  In

---

[1] We resolve this case by memorandum opinion.  (Cal. Stds. Jud. Admin., § 8.1.)  Undesignated statutory references are to the Code of Civil Procedure, and "rule" references are to the California Rules of Court.  For convenience — and intending no disrespect — we refer to family members sharing a surname by their first name.  Because Raymond and his wife did not file a respondents' brief, we have decided the appeal on the record and the opening brief.  On our own motion, we take judicial notice of the trial court's register of actions.  (Evid. Code, §§ 452, subd. (d), 459.)

February 2016, the trial court vacated the trial date pursuant to the parties' stipulation.

Then nothing happened in the case until late September 2022, when the trial court — on its own motion — dismissed Alana's petition for "[f]ailure to [p]rosecute." No parties attended the unreported hearing. The register of actions indicates the "entire action" was dismissed without prejudice.

Alana appeals. She contends the order is void because the trial court did not provide notice before dismissing the action. We agree. Various provisions of the Code of Civil Procedure allow trial courts to dismiss an action for delay in prosecution. (See 6 Witkin, Cal. Procedure (6th ed. 2023) § 363, p. 860.) For example, sections 583.310 and 583.360 require trial courts to dismiss an action not " 'brought to trial within five years after the action is commenced' " against the defendant absent a statutory exception. (*Gaines v. Fidelity National Title Ins. Co.* (2016) 62 Cal.4th 1081, 1087, 1089–1090.) And "sections 583.410 and 583.420 grant trial courts discretion to dismiss an action for failure to bring it to trial within two years." (*Seto v. Szeto* (2022) 86 Cal.App.5th 76, 101.)

Notice is required before a trial court dismisses an action under these statutes. (*In re Marriage of Straczynski* (2010) 189 Cal.App.4th 531, 538; *Cordova v. Vons Grocery Co.* (1987) 196 Cal.App.3d 1526, 1531.) Section 583.360, for example, mandates dismissal "by the court on its own motion . . . *after notice to the parties.*" (§ 583.360, subd. (a), italics added.) Section "583.410 provides that a discretionary dismissal for delay 'shall be pursuant to the procedure and in accordance with the criteria prescribed by rules adopted by the Judicial Council' " (*Sakhai v. Zipora* (2009) 180 Cal.App.4th 593, 598), and rule 3.1340(b) provides that if "the court intends to dismiss an action on its own motion, the clerk must set a hearing on the dismissal *and*

2

*send notice to all parties* at least 20 days before the hearing date." (Italics added.)  The rationale for this rule is that "due process demands notice to the plaintiff adequate to defend against the charge of procrastination." (*Cohen v. Hughes Markets, Inc.* (1995) 36 Cal.App.4th 1693, 1698.)

No such notice was provided here.  Reversal is therefore required because the dismissal order "did not comport with" the statutory scheme, the Rules of Court, or due process.  (*Cohen v. Hughes Markets, Inc.*, *supra*, 36 Cal.App.4th at p. 1699; *Reid v. Balter* (1993) 14 Cal.App.4th 1186, 1193 [dismissal order void where "plaintiffs were *not* given notice that their case would be dismissed if they failed to appear for the status conference"].)  We express no opinion on whether dismissal may be appropriate pursuant to sections 583.360 and 583.420 after the trial court provides the requisite notice.

## DISPOSITION

The September 30, 2022 dismissal order is reversed.  On remand, the trial court is ordered to vacate the order and to reinstate the action.  In the interests of justice, the parties shall bear their own costs on appeal.  (Rule 8.278(a)(5).)

3

BOWEN, J.*

WE CONCUR:


HUMES, P. J.


BANKE, J.


A166687

---

* Judge of the Contra Costa County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4