Filed 8/28/24  Xiong v. Chen CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| JIAN XIONG,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>NING CHEN,<br><br>    Defendant and<br>    Respondent. | B332644<br><br>(Los Angeles County<br> Super. Ct. No. 22STCV12214) |

APPEAL from a judgment of the Superior Court of Los Angeles County, William F. Fahey, Judge.  Reversed and remanded.

The Green Firm and Noah Green, for Plaintiff and Appellant.

No appearance for Respondent.

Plaintiff Jian Xiong appeals from the dismissal of his action. Plaintiff requested entry of default judgment against defendant Ning Chen. The trial court denied plaintiff's request and dismissed the case with prejudice. Plaintiff contends the dismissal was error, and we agree. We reverse and remand for further proceedings.

### FACTUAL AND PROCEDURAL BACKGROUND

In April 2022, plaintiff filed a complaint against defendant alleging that on or about November 9, 2018, plaintiff agreed verbally and in writing to "lend" money to defendant and another individual for their business and "thereafter do business as partners." Between November 9, 2018, and August 5, 2019, plaintiff allegedly "invested" a total of approximately $1,503,030.30 in the business. Plaintiff claimed defendant guaranteed she would repay plaintiff the "principal on all investments within four years, plus 7 [percent] to 8 [percent] interest." Plaintiff allegedly also made a personal loan to defendant for approximately $75,757.58. As of the filing of the complaint, defendant purportedly was "in default, with an outstanding balance of principal and interest totaling . . . $1,596,969.70."

Defendant filed an answer to the complaint in October 2022. After her counsel withdrew, defendant's answer was stricken because she failed to appear for multiple hearings and comply with court orders. Consequently, the trial court entered defendant's default in February 2023. The court then ordered plaintiff to file a default judgment package by April 10, 2023, and lodge a courtesy copy with the court. An "Order to Show Cause Re: Default Judgment" (the "OSC") was set for April 18, 2023.

2

On April 10, 2023, plaintiff filed a request for entry of a default judgment. However, because plaintiff did not lodge a courtesy copy with the trial court, the OSC was continued to June 6, 2023.

In early June 2023, plaintiff filed another request for entry of a default judgment with new declarations and exhibits. At the continued June 6, 2023, hearing, the trial court conferred with counsel "regarding the investments and loans." According to the court, it "spent quite a bit of time" with counsel "detailing all the problems" with plaintiff's evidence. Pursuant to plaintiff's request, the OSC was continued to July 12, 2023. The court stated in its minute order it would be the "LAST AND FINAL CONTINUANCE" and ordered plaintiff to "file a declaration with proper competent evidence" by July 6, 2023.

On July 6, 2023, plaintiff filed a supplemental memorandum of points and authorities and an additional declaration. Plaintiff did not appear at the July 12, 2023, OSC. The trial court found "substantial problems" with plaintiff's evidence and denied the request for entry of default judgment. The court indicated it would issue a separate written order to explain its ruling.

Two days later, the trial court issued the written order. After identifying numerous defects in plaintiff's evidence, the court stated: "[O]n this record, it would not be appropriate to have a fourth hearing in this case. Had this been a trial or other contested hearing, plaintiff would have had but one opportunity to make his case. Yet another hearing would just cause more delays and congestion in this [c]ourt." The court ordered the case dismissed with prejudice.

3

Plaintiff filed a motion for reconsideration of the order. Plaintiff's counsel appeared at the hearing, stated a calendaring error had caused him to miss the prior hearing, and offered to have plaintiff testify orally in support of his request for entry of a default judgment. The trial court stated it was not having an evidentiary hearing and denied the motion.

Plaintiff timely appealed from the order dismissing the action with prejudice.

## DISCUSSION

Plaintiff argues the trial court erred by dismissing the action with prejudice. We agree.

"In the absence of express statutory authority, a trial court may, under certain circumstances, invoke its limited, inherent discretionary power to dismiss claims with prejudice." (*Lyons v. Wickhorst* (1986) 42 Cal.3d 911, 915 (*Lyons*).) Prior to a court dismissing a case because of the actions or inactions of litigants, "[a]t a minimum, such requirements include notice to the plaintiff of a[n] . . . intent to dismiss and an opportunity for plaintiff to be heard." (*Reid v. Balter* (1993) 14 Cal.App.4th 1186, 1193 [dismissal order was "clear violation of plaintiffs' due process rights" where "plaintiffs were not given notice that their case would be dismissed if they failed to appear for the status conference"]; see also *Cohen v. Hughes Markets, Inc.* (1995) 36 Cal.App.4th 1693, 1698 [due process demands notice to the plaintiff before dismissing a case for lack of prosecution].)

We review an order dismissing an action for abuse of discretion. (*Stephen Slesinger, Inc. v. Walt Disney Co.* (2007) 155 Cal.App.4th 736, 765, disapproved on another point in *City of Los Angeles v. PricewaterhouseCoopers, LLP* (August 22, 2024,

4

S277211) ___ Cal.5th ___ [2024 Cal. LEXIS 4638 at *48, fn. 5]; see *Howard v. Thrifty Drug & Discount Stores* (1995) 10 Cal.4th 424, 443.) "'Action that transgresses the confines of the applicable principles of law is outside the scope of discretion and we call such action an "abuse" of discretion.'" (*Sargon Enterprises, Inc. v. University of Southern California* (2012) 55 Cal.4th 747, 773.)

In this case, the court appears to have relied on its inherent power to dismiss the action.[1] When the court continued the OSC from June 6, 2023, to July 12, 2023, it indicated that would be the final continuance. But the court did not give plaintiff notice his case might be dismissed with prejudice on July 12. Plaintiff was entitled to notice and an opportunity to explain why the court should not dismiss his case with prejudice. (*Reid v. Balter*, *supra*, 14 Cal.App.4th at p. 1193; see *Cohen v. Hughes Markets, Inc.*, *supra*, 36 Cal.App.4th at p. 1698.)

Additionally, trial courts should only exercise their inherent authority to dismiss actions "in extreme situations, such as when the conduct was clear and deliberate, where no lesser

---

[1] While plaintiff argues the trial court did not have authority under various Code of Civil Procedure sections to dismiss the action (e.g., Code of Civ. Proc., §§ 575.2, 583.310, and 583.420), the court did not indicate it was dismissing the case pursuant to any of these provisions. It stated it was dismissing the case with prejudice because another hearing would "just cause more delays and congestion in this [c]ourt." The court cited *McClain v. Kissler* (2019) 39 Cal.App.5th 399. However, *McClain* addressed whether a trial court abused its discretion in denying the appellants relief from default under the discretionary and mandatory provisions of Code of Civil Procedure section 473, subdivision (b). (*Id.* at p. 404.) *McClain* did not address under what circumstances a court could sua sponte dismiss an action with prejudice.

5

alternatives would remedy the situation [citation], the fault lies with the client and not the attorney [citation], and when the court issues a directive that the party fails to obey." (*Del Junco v. Hufnagel* (2007) 150 Cal.App.4th 789, 799.)

In this case, we understand the trial court was frustrated with the delay and congestion caused by plaintiff's failed attempts to have a default judgment entered. The court had discussed deficiencies in the default judgment package with counsel in June 2023, and counsel failed to appear at the continued hearing the next month. However, the court's order does not indicate that plaintiff, as opposed to counsel, caused the deficiencies or counsel's failure to appear. Rather, the record indicates the court identified counsel as the source of the problems, observing that counsel had "poorly presented" the case and failed to comply with multiple rules of court. Further, the record does not show the court considered lesser sanctions before dismissing plaintiff's case with prejudice. When counsel failed to appear at the July 2023 hearing, the court could have continued the hearing and issued an order to show cause why counsel should not pay monetary sanctions to the court. (See e.g., Cal. Rules of Court, rule 2.30(b), Code of Civ. Proc., § 575.2; see also *Lyons*, *supra*, 42 Cal.3d at p. 917 [""sound exercise of discretion requires the judge to consider and use lesser sanctions"" unless the court's authority cannot possibly be otherwise vindicated"].) This would have provided counsel with an opportunity to offer his excuse for failing to appear and plaintiff's testimony to prove entitlement to a judgment. Terminating plaintiff's case without

6

considering the client's lack of fault or lesser sanctions, and with a lack of sufficient notice, constituted an abuse of discretion.[2]

**DISPOSITION**

The order dismissing the case is reversed.  The case is remanded to the trial court for further proceedings consistent with this opinion.  Plaintiff to bear his own costs on appeal.


MORI, J.

We concur:


CURREY, P. J.


COLLINS, J.

---

[2]    We need not reach plaintiff's remaining claims of error concerning the trial court's reasons for denying his request for entry of a default judgment.  Plaintiff does not affirmatively demonstrate he was entitled to the requested judgment at the July 12, 2023, OSC.  For example, one reason the court denied plaintiff's request for entry of a default judgment was that plaintiff requested interest as part of the judgment, but plaintiff failed to provide any basis for his interest calculations.  California Rules of Court, rule 3.1800(a)(3) requires interest computations.  Plaintiff does not challenge this basis for the court's denial of his request for entry of a default judgment.

7