Filed 10/10/24  Center v. Center CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| MICHAEL LEE CENTER,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>ERIC WILLIE CENTER,<br><br>    Defendant and Respondent. | D083178<br><br><br>(Super. Ct. No. 37-2022-00016298-CU-DF-CTL) |

APPEAL from an order of the Superior Court of San Diego County, John S. Meyer, Judge.  Reversed.

Michael Lee Center, in pro. per., for Plaintiff and Appellant.

Law Office of Robert W. Wright and Robert W. Wright for Defendant and Respondent.


## INTRODUCTION

Michael Lee Center appeals the trial court's order dismissing without prejudice his personal injury action after a single misstep of failing to appear at a trial readiness conference.  We conclude the dismissal was an abuse of discretion and we reverse.

FACTUAL AND PROCEDURAL BACKGROUND

Michael filed an action against his brother, Eric Willie Center, in May 2022 for defamation, intentional infliction of emotional distress, and assault. Eric was personally served with the summons and complaint in June. The case was assigned to Judge John S. Meyer. Throughout the litigation, Michael proceeded as a self-represented litigant, while Eric was represented by counsel, Robert W. Wright.

In August 2022, Eric demurred to the complaint and moved to strike Michael's claim for punitive damages. Michael filed an opposition and appeared at the hearing on December 9. After hearing the parties' arguments, Judge Meyer overruled the demurrer and denied the motion to strike. At the case management conference that followed the rulings, Judge Meyer set a trial readiness conference for September 21, 2023, jury trial for October 6, and ordered all motions and discovery to be completed by September 8.

In March 2023, the case was reassigned for all purposes to Judge Loren G. Freestone.

In July 2023, Eric filed a motion to compel answers to form interrogatories and for monetary sanctions. Mr. Wright averred in a supporting declaration that Michael had been served with interrogatories on February 6 and failed to respond, even after being advised a motion to compel would be filed if no responses were received. Michael filed an opposition and a declaration denying he received any discovery requests or advisal of a motion to compel. He further averred: "I have unsuccessfully tried to contact Mr. Wright by phone and letter regarding the joint preparation of the Trial Readiness Conference Statement and have received no responses from him, which would have mentioned a problem with discovery." He also pointed out

2

the motion to compel was unaccompanied by any proof of service of the interrogatories.

On September 15, 2023, Michael appeared at the hearing on the motion to compel before Judge Freestone and successfully opposed the motion. The court concluded Eric failed to establish that Michael had been properly served with the interrogatories and denied the motion to compel.

On September 21, 2023, Michael failed to appear at the trial readiness conference before Judge Freestone. As a result, the court continued the trial readiness conference to October 6 and set "an OSC [(Order to Show Cause)] why case should not be dismissed for [Michael's] failure to appear" for the same day. The court did not specify the authority on which its OSC would proceed. But this gave Michael 15 days' notice of the potential dismissal of his action.

On October 5, 2023, Mr. Wright filed a declaration to explain the "Non-Filing of Joint Readiness Conference Report." Mr. Wright stated that Michael had been served with interrogatories "on no less than three occasions" but "repeatedly failed to respond" to discovery requests and had "not responded to any communication attempts." Other than the motion to compel that had been denied in September, Eric did not file another discovery motion. Counsel further stated "[t]he parties exchanged multiple modifications" to a draft joint trial readiness conference report but Michael failed to respond when he tried to obtain Michael's signature on the final report.

Mr. Wright attached to his declaration an unsigned "Joint Readiness Conference Report." In the unsigned report, Eric stated *he* was "not prepared for trial" because he had not received any response to discovery from Michael.

3

In his view, "trial at this time is premature." Michael, however, was announcing "ready for trial."

In an October 5, 2023 text message to Mr. Wright, Michael explained, "I did not year [*sic*] back from you so I filled [*sic*] the papers this morning see you in court." That morning, Michael did file a joint trial readiness conference report, which he alone signed. Consistent with Eric's report, Michael stated he was ready for trial.

On October 6, 2023, Michael appeared at the continued trial readiness conference and the OSC hearing. Judge Meyer, rather than Judge Freestone, heard the matter. The record does not reveal why. At the unreported proceeding, Judge Meyer dismissed Michael's action without prejudice. The signed minute order in its entirety states: "Upon the [c]ourt's inquiry, Defendant states this case is not ready for trial and requests this case be dismissed. Defendant states Plaintiff did not respond to any discovery requests. Plaintiff states they never received any requests. [¶] After hearing argument from both parties, the [c]ourt dismisses this case. [¶] The [c]ourt orders the entire action dismissed without prejudice."

DISCUSSION

I.

*The Trial Court Abused Its Discretion in Dismissing the Action Based on Michael's Failure to Appear*

As noted, the trial court did not specify the authority on which its OSC would proceed, or the grounds by which it granted Eric's oral request for dismissal. However, both parties essentially agree the court dismissed the action because Michael failed to appear at the September 21, 2023 trial readiness conference. Michael argues the court did so without legal authority. Eric contends the court's dismissal authority derived from Code of

4

Civil Procedure[1] section 581, subdivision (b)(5), which confers the court with discretion to dismiss an action without prejudice "when either party fails to appear *on the trial* and the other party appears and asks for dismissal." (Italics added.)

Our review is limited to whether the trial court abused its discretion. (See e.g., *Link v. Cater* (1998) 60 Cal.App.4th 1315, 1321 (*Link*).) We reverse only upon a showing of a manifest abuse of discretion but accord closer review of a discretionary dismissal than an order denying the motion to dismiss. (*Hilburger v. Madsen* (1986) 177 Cal.App.3d 45, 51 [reversing order of discretionary dismissal under former § 583, subd. (a)]; see also *Luti v. Graco, Inc.* (1985) 170 Cal.App.3d 228, 232.) "All doubts must be resolved in favor of the party attempting to get to trial." (*Hilburger*, at p. 51.) "Discretion is abused when the trial court's ruling is arbitrary, capricious, exceeds the bounds of reason or prevents a fair hearing from being held." (*Link*, at p. 1321.)

Contrary to Eric's contention, the trial court did not have authority to dismiss the action under section 581, subdivision (b)(5), based on Michael's failure to appear. By its plain language, the court has discretion to dismiss an action without prejudice under that provision "when either party fails to appear *on the trial* and the other party appears and asks for dismissal." (§ 581, subd. (b)(5), italics added.) Michael did not fail to appear "on the trial." (*Ibid.*) He failed to appear at a trial readiness conference.

The dismissal statute defines what constitutes a " 'Trial' ": "A trial shall be deemed to actually commence at the beginning of the opening statement or argument of any party or his or her counsel, or if there is no

---

[1] All further statutory references are to the Code of Civil Procedure.

5

opening statement, then at the time of the administering of the oath or affirmation to the first witness, or the introduction of any evidence." (§ 581, subd. (a)(6).) Just as "a mandatory settlement conference is not the 'commencement of trial' in any sense of the phrase,' " neither is a trial readiness conference. (*Franklin Capital Corp. v. Wilson* (2007) 148 Cal.App.4th 187, 193 (*Franklin*).) No adjudication of the merits happens at a trial readiness conference. (*Ibid.*) Thus, the trial court did not have discretion under section 581, subdivision (b)(5), to dismiss the action on the basis that Michael failed to appear at the trial readiness conference.

There are three more problems with the dismissal based on Michael's failure to appear at the trial readiness conference.

First, a dismissal for failure to attend a trial readiness conference is "essentially a dismissal for failure to prosecute." (*Franklin, supra*, 148 Cal.App.4th at p. 190 ["dismissal for failure to attend the mandatory case management conference was essentially a dismissal for failure to prosecute"].) And a dismissal for failure to prosecute is not authorized before the two-year mark of an action. (§ 583.420, subd. (a); *Cohen v. Hughes Markets, Inc.* (1995) 36 Cal.App.4th 1693, 1698 (*Cohen*).) Section 583.420, subdivision (a)(2)(B), does not permit a court to dismiss an action "for delay in prosecution" unless the action is not brought to trial within "[t]wo years after the action is commenced against the defendant." (§ 583.420, subd. (a)(2)(B); see *Cohen*, at p. 1698.)

Thus *Cohen* reversed a dismissal of a personal injury action on the basis plaintiff failed to appear for trial, holding the trial court lacked discretion to dismiss the action for failure to prosecute *less than two years* before commencement of the action. (*Cohen, supra*, 36 Cal.App.4th at p. 1698.) And as noted in *Cohen*, our high court "reached the same

6

conclusion" in *General Motors Corp. v. Superior Court* (1966) 65 Cal.2d 88, 91. (*Cohen*, at p. 1698.) Construing former section 583, which similarly authorized dismissal for failure to bring an action to trial within two years, the Supreme Court stated: "Pursuant to section 583, it is not within the discretionary power of the trial court to dismiss an action until two years after it has been filed; *a plaintiff may not be penalized for failing to bring even the least complicated case to trial during this period.*" (*General Motors Corp.* at p. 98, italics added; see *Cohen*, at p. 1698.)

Michael filed his action on May 2, 2022. It was dismissed on October 6, 2023, less than 18 months later. The trial court did not have discretion to terminate his action for failure to prosecute before the two-year mark.

Second, Michael was not given adequate notice. California Rules of Court,[2] rule 3.1340 provides, "The court on its own motion or on motion of the defendant may dismiss an action under Code of Civil Procedure sections 583.410-583.430 for delay in prosecution if the action has not been brought to trial . . . within two years after the action was commenced against the defendant." (Rule 3.1340(a).) But "[i]f the court intends to dismiss an action *on its own motion*, the clerk must set a hearing on the dismissal and send notice to all parties *at least 20 days* before the hearing date." (Rule 3.1340(b), italics added.) The trial court issued the OSC for dismissal on September 21, 2023 but improperly set the hearing for October 6, giving Michael only 15 days' notice.

And although the OSC order specified Michael's failure to appear at the trial readiness conference, counsel for Eric orally requested dismissal on the

---

2      All further undesignated rule references are to the California Rules of Court.

7

date of the OSC hearing and did so on additional grounds not specified in the OSC order. He did not provide Michael with any written notice of his dismissal request. "A party seeking dismissal of a case [for lack of prosecution] under Code of Civil Procedure sections 583.410-583.430 must serve and file a notice of motion *at least 45 days* before the date set for hearing of the motion." (Rule 3.1342(a), italics added; see also *Cohen*, *supra*, 36 Cal.App.4th at p. 1699 [construing former rule 373]; *Franklin*, *supra*, 148 Cal.App.4th at pp. 213–214 [former rule 373 "prescribes no less than 45 days' notice of any motion to dismiss for delay in prosecution"].) Eric's oral request for dismissal at the continued trial readiness conference and OSC hearing did not comport with court rules or with due process. (See *Cohen*, at p. 1699 ["grant of dismissal in response to defense counsel's oral motion on the morning of trial did not comport with court rules or with due process"].)

Third, the trial court compounded its error by failing to consider the factors specified in rule 3.1342. In ruling on a motion to dismiss for delay in prosecution, the court "must consider all matters relevant to a proper determination of the motion, including: [¶] (1) The court's file in the case and the declarations and supporting data submitted by the parties and, where applicable, the availability of the moving party and other essential parties for service of process; [¶] (2) The diligence in seeking to effect service of process; [¶] (3) The extent to which the parties engaged in any settlement negotiations or discussions; [¶] (4) The diligence of the parties in pursuing discovery or other pretrial proceedings, including any extraordinary relief sought by either party; [¶] (5) The nature and complexity of the case; [¶] (6) The law applicable to the case, including the pendency of other litigation under a common set of facts or determinative of the legal or factual issues in the case; [¶] (7) The nature of any extensions of time or other delay

8

attributable to either party; [¶] (8)  The condition of the court's calendar and the availability of an earlier trial date if the matter was ready for trial; [¶] (9)  Whether the interests of justice are best served by dismissal or trial of the case; and [¶] (10)  Any other fact or circumstance relevant to a fair determination of the issue."  (Rule 3.1342(e).)

These factors require the court to engage in a "broad evaluation" (*Cohen*, *supra*, 36 Cal.App.4th at p. 1699), including considering whether Michael diligently prosecuted his case up to his missed appearance and whether any showing of prejudice was made by Eric (see *Dockery v. Hyatt* (1985) 169 Cal.App.3d 830, 833 (*Dockery*) [reversing dismissal order based on trial counsel's single failure to appear at trial setting conference].)  Michael argues the record establishes his "only misstep" was failing to appear at the trial readiness conference and "[u]p to that point" he had "complied with all court rules, deadlines, and obligations."  He further argues Eric made no showing of prejudice.  We agree on both points.

Over the 17 months his action was pending, Michael timely served Eric with the summons and complaint, timely filed oppositions to defense motions and appeared at the hearings, successfully opposed a demurrer and a motion to compel, and filed a trial readiness conference report when he thought the parties would not be filing a jointly signed report.  He announced ready for trial at the continued trial setting conference and OSC hearing on October 6, 2023.  Eric, on the other hand, was not ready for trial.  Although the trial court had denied his earlier motion to compel because he did not establish Michael had been properly served with discovery requests, he continued to complain of Michael's noncompliance with discovery requests without proof of service and without filing another motion to compel.  And to the extent he was not ready for trial, he did not request a continuance.

9

Under these circumstances, even assuming a penalty was warranted for Michael's single failure to appear, dismissal was too severe. We thus conclude the trial court abused its discretion in dismissing Michael's action in its entirety. (See *Link*, *supra*, 60 Cal.App.4th at p. 1326 ["Because plaintiff had no history of noncompliance and had been prosecuting his case diligently, there is no reason to believe a less severe sanction than termination, such as the imposition of a monetary sanction, would not be effective."]; *Dockery*, *supra*, 169 Cal.App.3d at p. 834 [" 'The penalty of dismissal against a dilatory plaintiff should be exercised with the utmost care; . . . The reason is that, in the absence of prejudice to defendants, attributable to unreasonable delays by plaintiff, the probability of a miscarriage of justice is greater when a trial on the merits is denied than it is where plaintiff is permitted to proceed.' "].)

## II.

### *No Alternative Ground Justifies the Dismissal Order*

The parties contend that to the extent the trial court's dismissal order was not based on Michael's failure to appear at the trial readiness conference, the court "likely" dismissed the action because the parties failed to file a joint trial readiness conference report, as required by San Diego Superior Court Local Rule 2.1.15. Eric further asserts, without record support, that the court faulted Michael for the parties' failure to jointly file the report. Regardless, San Diego Superior Court Local Rule 2.1.15 does not specify that a plaintiff may suffer termination of his action for failing to file a joint trial readiness conference report, and we question whether a local rule could validly provide such a draconian result. (See *Franklin*, *supra*, 148 Cal.App.4th at p. 211 ["there is at least a colorable case to be made that" local rules cannot "validly contemplate" dismissal of an action for failure to comply with local rules]; *id.* at p. 211, fn. 21.)

10

Eric identifies yet a third ground for the trial court's dismissal order: Michael "repeatedly failed to respond to [his] requests for discovery." This, too, would be an abuse of discretion. First, there is no record support, only Eric's bare assertion, that Michael engaged in dilatory tactics with discovery. To the contrary, on September 15, 2023—21 days before dismissing the action—the trial court found that Eric failed to establish he properly served Michael with discovery requests and denied his motion to compel and for sanctions. But even assuming Michael failed to respond to served discovery requests, the trial court lacked authority to impose a terminating sanction for misuse of discovery here. "The discovery statutes evince an incremental approach to discovery sanctions, starting with monetary sanctions and ending with the ultimate sanction of termination." (*Doppes v. Bentley Motors, Inc.* (2009) 174 Cal.App.4th 967, 992.) "A prerequisite to the imposition of the dismissal sanction is that the party has willfully failed to comply with *a court order*." (*Laguna Auto Body v. Farmers Ins. Exchange* (1991) 231 Cal.App.3d 481, 488, italics added, overruled on other grounds in *Garcia v. McCutchen* (1997) 16 Cal.4th 469, 478, fn. 4; see § 2025.450, subd. (h) [authorizing a trial court to impose an issue, evidence or terminating sanction under § 2023.010 if a party "fails to obey *an order* compelling attendance, testimony, and production" (italics added)].) No court order compelling discovery from Michael ever issued in this case. Thus a terminating sanction was not justified.

## DISPOSITION

The trial court's October 6, 2023 minute order dismissing without prejudice this action is reversed.  Michael is entitled to his costs on appeal. (Rule 8.278(a)(1).)


DO, J.

WE CONCUR:


McCONNELL, P. J.


DATO, J.